*In re* Semple.

---

## In re ROBERT H. SEMPLE.

### No. 831.   (62 Pac. 534.)

CITIES — *Ordinances — Imprisonment.* There are no provisions of the statutes of this state authorizing cities of the first class to impose imprisonment as a punishment for the violation of an ordinance, except under subdivision 34 of section 710, General Statutes of 1899 (Gen. Stat. 1897, ch. 32, §§ 89–92), relating to the collection of poll-tax.

*In re* Semple.

Original, proceeding in *habeas corpus*. Opinion filed October 25, 1900. Petitioner discharged.

*G. C. Clemens*, and *W. F. Schoch*, for petitioner.
*W. A. S. Bird*, for respondent.

The opinion of the court was delivered by

McELROY, J.: The petitioner is restrained of his liberty by the marshal of the city of Topeka, under a warrant issued by the police judge upon complaint charging him in three counts with the violation of ordinance No. 2061, of the city of Topeka. The first count charged him with the unlawful selling of intoxicating liquors; the second, the unlawful keeping of a club-room where intoxicating liquors were kept for sale and distribution, among its members; and the third charged him with maintaining a place where persons were permitted to resort for the purpose of drinking intoxicating liquors, and thereby maintaining a nuisance under the ordinance.

The title of the ordinance and sections 1, 5, 6 and 9 are herein copied in full; the substance only of other sections is set out:

"AN ORDINANCE prohibiting the sale of intoxicating liquors and to prohibit and suppress the keeping of places where intoxicating liquors are sold, except for lawful purposes.

"SECTION 1. It shall be unlawful for any person to sell or barter any spirituous, malt, vinous, fermented or other intoxicating liquor in this city, unless such person has a druggist permit therefor from the probate judge of Shawnee county and such liquors are sold for medical, scientific or mechanical purposes."

Section 2 attempts to construe the first as to what liquors are included in the prohibition.

Section 3 provides that the giving away of such

*In re* Semple.

liquors, or any shift or device to evade the provisions of the ordinance, shall be deemed an unlawful selling.

Section 4 provides that it shall be unlawful for any person to keep or maintain, or aid, assist or abet in keeping or maintaining, a place where intoxicating liquors are sold, bartered, or given away in violation of the ordinance, or where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage.

"SEC. 5. It shall be unlawful for any person, directly or indirectly, to keep or maintain, by himself or by associating or combining with others, or in any manner to aid, assist or abet in keeping or maintaining, any club-room, or other place in this city, in which any intoxicating liquor is received or kept for the purpose of barter or trade as a beverage, or for distribution or division among the members of a club or association by any means whatsoever; and any place so kept or maintained shall be deemed a common nuisance, and any person who shall use, barter, sell or give away, or assist or abet another in bartering, selling, or giving away, any intoxicating liquors so received or kept shall be deemed guilty of a violation of this ordinance, and upon conviction thereof shall be punished by a fine of not less than one hundred dollars or not exceeding five hundred dollars, or by imprisonment in the city jail not less than thirty days nor more than six months for each offense.

"SEC. 6. All places where intoxicating liquors are sold, bartered or given away in violation of any of the provisions of this ordinance, or where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, or where intoxicating liquors are kept for sale, barter or delivery in violation of this ordinance, are hereby declared to be a common nuisance, and shall be suppressed and abated as such, as hereinafter provided."

Section 7 attempts to confer upon the police judge jurisdiction to cause the seizure, forfeiture and de-

struction of intoxicating liquors, bottles, glasses, barrels and other property kept or used in the prohibited places, and for the arrest of persons in connection therewith.

Section 8 provides that in all prosecutions under the ordinance it shall not be necessary to state the kind of liquor kept, sold, or used, or the name of the person to whom sold, nor to describe the place where sold, except in prosecutions for keeping a nuisance, and that it shall not be necessary in the first instance in such prosecutions for the city to prove that the defendant did not have a permit to sell liquors.

"Sec. 9. Any person violating any of the provisions of this ordinance, except section 5, shall upon conviction be punished by a fine of not less than one hundred dollars and not exceeding five hundred dollars and by imprisonment in the city jail not less than thirty days and not exceeding ninety days for each offense."

Section 10 repeals ordinances in conflict therewith.

The general powers of the mayor and council of cities of the first class are delegated by section 710, General Statutes of 1899 (Gen. Stat. 1897, ch. 32, §§ 89–92), and, so far as applicable to the question under consideration, are as follows:

"Sec. 11. The mayor and council shall have the care, management and control of the city and its property and finance, and shall have power to enact ordinances for the purpose hereinafter named, not regugnant to the constitution and laws of this state, and such ordinances to alter, modify, and repeal, and shall have power: . . .

"Eleventh. To make regulations to secure the general health of the city; to prevent and remove nuisances. . . .

"Twenty-eighth. To prohibit and suppress tippling

*In re* Semple.

shops, saloons, dram-shops, club-rooms,   . . .   and
to provide for the punishment thereof.

"Thirty-third.   To make all needful police regula-
tions necessary for the preservation, good order and
peace of the city.   . . .

"Thirty-seventh.   To regulate the police of the city,
and to impose fines, forfeitures and penalties for the
breach of any ordinance, and to provide for the re-
covery and collection thereof, and in default of pay-
ment to provide for confinement in the city prison or
at hard labor."

The contention of the petitioner is that the ordin-
ance is void.   If this contention is sustained—that is,
if the ordinance is for any reason void—the petitioner
must be discharged.

The title of the ordinance reads : "An ordinance
prohibiting the sale of intoxicating liquors and to pro-
hibit and suppress the keeping of places where intoxi-
cating liquors are sold, except for lawful purposes."
This title is not sufficient to uphold the sections of the
ordinance which refer to club-houses, nor the sections
with reference to nuisances.   In regard to section 9
of the ordinance, the punishment provided for the un-
lawful selling of intoxicating liquors, as fixed by said
section, is not authorized; that is, the provisions of
the statute do not authorize imprisonment as a punish-
ment for the violation of the ordinances, except for
the non-payment of road tax.   (Gen. Stat. 1899, §710,
subdiv. 34; Gen. Stat. 1897, ch. 32, §§ 89–92.)   This
leaves no provision of the ordinance under which the
petitioner can be prosecuted upon any count of the
complaint.

The petitioner is therefore discharged.