Roberts, J.
This is a proceeding in error in which the plaintiff, William Morris, plaintiff in error, seeks a reversal of a judgment of conviction rendered against him by D. S. Brace, mayor of the city of Conneaut, in which action in said mayor’s court the plaintiff in error was found guilty of a,violation of an ordinance of said city.
'The information or affidavit upon which said action was instituted charged in substance that the plaintiff in error on or about October 25, 1916, did unlawfully disturb the good order and quiet of the city of Conneaut, Ohio, by using profane language in a public place in the aforesaid city of Conneaut, Ohio, to the annoyance of the citizens of said city; contrary to ordinance number 1271 of the ordinances of the city of Conneaut, Ohio.
The ordinance under the provisions of which this action was brought provides as follows:
“Section ne. It shall be unlawful for any person or persons to disturb the good order and quiet of the city of Conneaut, state of Ohio, with clamors and noise in the night season, by intoxication, drunkenness, fighting, committing assault, assault and battery, using obscene or profane language in the streets and other public places to the annoyance of the citizens, or by otherwise violating the public peace by indecent and disorderly conduct or by lewd and lascivious behavior.
“Section Two. Any person found guilty of disturbing the good order and quiet of the city in violation of the foregoing section of this ordinance shall be fined in any sum not less than five dollars ($5) nor more than two hundred dollars ($200) with costs of prosecution, and shall be committed to jail until such fine and costs are paid.”
'This ordinance was passed in attempted conformity to Section 3663, General Code, as amended 103 O. L., 168.
The plaintiff in error on conviction was fined fifty dollars in mayor’s court.
The plaintiff in error avers that there is error in the record and proceedings in this case, and that the court committed error in the trial of said proceedings, in this, to-wit:
*291 First. 'The mayor erred in holding that the affidavit of complaint was sufficient.
Second. The mayor erred in overruling the motion of defendant to quash the affidavit and dismiss the proceedings.
Third. ‘The mayor erred in overruling the motion of defendant for arrest of judgment made by defendant at the close of evidence introduced by the plaintiff below.
Fourth. The mayor erred in overruling the motion of defendant in arrest of judgment upon completion of all testimony taken in the case.
Fifth. 'The mayor erred in the admitting of improper testimony offered on behalf of the city of Conneaut, state of Ohio, objected to by defendant below.
Sixth. The mayor erred in the exclusion of proper and competent testimony offered by the defendant below, which was excepted to.
Seventh. The judgment and sentence of said mayor is against the law of the case and invalid.
Eighth. 'The judgment and sentence of said mayor is against the evidence in the case and the manifest weight thereof.
Ninth. There is no evidence whatever to sustain said judgment and sentence.
Tenth. 'The mayor erred in overruling the motion of defendant below, for a new trial.
Eleventh. The mayor erred in refusing to set aside the sentence of defendant upon his motion therefor.
Twelfth. 'That the ordinance on which the prosecution was based was unconstitutional and void, and the mayor erred in rendering judgment and sentence thereon.
Thirteenth. Other errors apparent upon inspection of the record.
It is learned from the brief of counsel for plaintiff in error that he seeks a reversal of the judgment in mayor’s court primarily upon two propositions, (1) that the affidavit upon which the plaintiff in error was tried is insufficient in law; and (2) that the ordinance which the plaintiff in error is charged with violating, above quoted, is illegal.
*292 Consideration will now be given to 1he first ground stated, that is, the alleged insufficiency of the affidavit. This question was properly raised in the trial court by a motion to quash the affidavit, which was overruled, and by a motion in arrest of judgment, which was also- overruled.
Briefly stated, it is the contention of counsel for plaintiff in error that the affidavit is defective in that it does not set out the profane language claimed to have been used by the plaintiff in error. It will be remembered that the affidavit simply charges a disturbance of the good order and quiet of the city by using profane language.
Counsel for plaintiff in error with considerable industry has cited a large number of decisions in reported eases in this state, Supreme Court and otherwise, in support of his contention, which are in effect as quotation in brief from Lamberton v. State, 11 Ohio, 282, in which it is said:
“It is a rule of criminal law, based upon sound principles, that every indictment should contain a complete description of the offense charged; that it should set forth the facts constituting the crime so that the accused may have notice of what he is to meet, of the act done which it behooves him to controvert, so that the courts applying the law to the facts charged against him may say that a crime has been committed.”
I think I am correct in saying that in each of the decisions cited by counsel for plaintiff in error the alleged defect in the indictment consisted in a failure to state with sufficient explicitness that which was the gist or gravamen of the offense sought to be charged.
In Lamberton v. State, supra, cited, the offense was resisting an officer in the execution of his office.
In Ellars v. State, 25 Ohio St., 385, the offense was that of obtaining property'under false pretenses.
In Mann v. State, 47 Ohio St., 556, the offense sought to be charged was that of blackmailing.-
In Hummel v. State, 8 N. P., 48, the offense charged was that of using obscene language in jfche presence of a female.
*293 In the case under consideration the gravamen of the action and the gist of the alleged offense is that of disturbing the good order and quiet of the city, and the use of profane language in the information merely indicates the manner in which the good order and quiet of the city was disturbed.
King v. New London, 8 N.P.(N.S.), 34, also cited, is more closely in point. This was an action for violating the public peace by indecent conduct. The affidavit did not set forth the acts committed constituting the offense, and the court held that it merely stated a conclusion of law and was defective in that it does not advise the accused of the charge upon which trial is to be had. It will be noted, however, that a charge of indecent conduct is more indefinite than in the affidavit under consideration, in which it is alleged that the good order and quiet was disturbed in a particular manner, namely, by profane language.
Where an affidavit in a criminal action is filed in an examining court of preliminary jurisdiction _the preciseness and explicitness required in an indictment in a court of final jurisdiction is not necessary. It may be assumed, however, that there is no substantial difference in the law between an indictment and an information in the mayor’s court. In this action it being one in which the mayor had a right to and did exercise * final jurisdiction.
I am aware that numerous decisions in the past may be found in which a close and technical construction has been made concerning the necessity of stating explicitly the facts sought to be charged in an indictment, and that mere conclusions are not sufficient. In recent years, however, there is a decided tendency to disregard matters which are merely technical and which do not affect the substantial rights of a defendant or prejudice him in his defense.
It should be remembered that in this ease the plaintiff in error was charged with disturbing the public peace by the use of profane language in a public place, and at a certain time, and it does not appear from the bill of exceptions that there was any doubt or misapprehension on his part concerning that with which *294 lie was charged, or against which he might prepare his defense. The facts seem to have been fully understood and the defendant below called a considerable number of witnesses upon the precise proposition as to whether or not he did use profane language.
I desire to now cite some authorities which I believe indicate the decided and modern trend of the law in a consideration of the sufficiency of indictments in criminal actions.
In Stoughton v. State, 2 Ohio St., 562, it is said:
“Unreasonable strictness ought not to be required and where an indictment clearly charges a crime, and fairly advises the defendant what act of his is the subject of complaint, the principal object of pleading is attained.
“The highest degree of certainty is not required; certainty to a common intent is sufficient, and no rule ought to prevail which would only serve to shield the guilty instead of protecting the innocent.”
In the case of State v. Zurhorst, 75 Ohio St., 232, the indictment charged the accused with having unlawfully at a certain time in his possession a certain number of copies of a certain article of an indecent and immoral nature, the contents of the article not being stated in the indictment. Held: That the indictment was sufficient. In the opinion of the court in this case it is said on page 239:
“It is well enough and it is good practice, that an indictment under this statute should with reasonable certainty apprise the accused of what he is called upon to meet — such degree of certainty as will afford him protection in the exercise of his .legal rights in making a defense, and also furnish a record of conviction or acquittal, that could be interposed if indicted the second time for the same offense. But we doubt whether the strict rules of pleading at common law in eases of criminal libel should be enforced in a prosecution under this statute.”
In State v. Groves, 80 Ohio St., 351, the second paragraph of the syllabus reads as follows:
“An indictment framed under Section 6835, R. S., as amended and passed April 9, 1908, which, in all other respects, sufficiently describes and charges an attempt to break and enter an inhabited *295 dwelling-house with intent to commit a felony, will not be held bad for omission to designate and define the particular felony intended to be committed.”
Reference is made to the reasoning found in the opinion in this ease, which is peculiarly appropriate to a consideration of the case at bar.
In the case of State v. Toney, 81 Ohio St., 130, the second paragraph of the syllabus reads as follows:
“An indictment which apprises the party charged of the charge against him so that he may know from the language of the instrument what he is expected to meet and will be required to answer, alleges sufficient matter to indicate the crime and the person charged and is not void for uncertainty. ’ ’
See also State v. Murray, 82 Ohio St., 305; State v. Henkel, 11 N.P.(N.S.), 97.
Section 13581, General Code, providing what defects in an indictment are not fatal, says:
‘‘An indictment is not invalid and the trial, judgment, or other proceeding stayed, arrested or affected, * * * for want of averment of matter not necessary to be proved, or for other defects or imperfections which do not tend to prejudice the substantial rights of the defendant upon the merits. ’ ’
This statutory provision would seem to be a sufficient answer to the claim of plaintiff in error that the affidavit is insufficient.
Section 13390, General Code, provides:
‘‘Whoever, being over fourteen years of age, profanely curses or swears by the name of God, Jesus Christ, or the Holy Ghost, under complaint made within ten days thereafter, shall be fined not more than one dollar for each offense.”
Under this section where the precise offense is profanely swearing, there would be greater necessity for the application of the rule contended for by counsel in brief, for the reason that the profane swearing is the gravamen of the offense. While, as has been said, under the affidavit in the instant case, the offense *296 consists in a disturbance of tbe public peace, and swearing was simply the manner of its accomplishment.
Tbe rule is well settled that if tbe language of tbe statute is of such a character as to inform tbe accused fully and distinctly of tbe facts upon which tbe state relies, it is sufficient to allege the offense in tbe language of tbe statute. And it being wholly apparent in tbe language of tbe statute (Section 13581), tbe defects did not prejudice tbe substantial rights of tbe defendant upon the merits, tbe affidavit is found to be sufficient, .and tbe objections made thereto not well founded.
'Consideration will now be given to tbe second contention of counsel for plaintiff in error, that tbe ordinance under which defendant below was convicted is illegal, and this is claimed to be so by reason of tbe penalty prescribed as a punishment for a violation of tbe ordinance. Section 2 of tbe ordinance reads:
“Any person found guilty of disturbing tbe good order and quiet of tbe city, in violation of the foregoing Sec. 1 of this ordinance, shall be fined in any sum not less than five dollars nor more than two hundred dollars, with costs of prosecution, and shall be committed to jail until such fine and costs are paid.”
As has been before stated, this ordinance is drawn under the provisions of Section 3664, G. C.:
“To provide for the punishment of persons disturbing the good order and quiet of tbe corporation * * * by using profane language.” The following section, namely 3665, reads:
“Such punishment may be by imposing and collecting fines or by imprisonment in the proper jail or work bouse at bard labor, or both, at tbe discretion of tbe court, but no such person shall be fined for a single offense to exceed fifty dollars.”
No doubt can be entertained, and in fact it is conceded, that the ordinance is based upon Section 3664, and that tbe limit of punishment so far as fine is concerned, as provided by Section 3665, is fifty dollars, while tbe ordinance provided for a fine of not exceeding two hundred dollars. This amount of fine is sought to be justified by counsel for tbe city -by tbe provisions of Section 3628, which is found in tbe enumeration of tbe powers of municipalities, and among them is found Section 3628, as follows:
*297 “To make the violation of ordinances a misdemeanor and to provide for the punishment thereof- by fine or imprisonment, or both, but such fine shall not exceed five hundred dollars. ’ ’
There is thus an apparent conflict as to the amount of fine authorized to be provided for by ordinance.
Section 3658, G-. C., in the enumeration of powers, authorizes municipalities “To prevent riot, gambling, noise and disturbance, indecent and disorderly conduct or assemblages, and to preserve the peace and good order and to protect the property of the corporation and its inhabitants. ’ ’ 'This was Section 1692 R. S. and Section 3664, under which the ordinance in question was drawn, was Section 2108, R. S.
In the case of Wellsville v. O’Connor, 1 C.C.(N.S.), 253, decided by the circuit court of this district, it is said in the second paragraph of the syllabus:
“The general power ‘to preserve the peace and good order,’ conferred upon municipal corporations by Section 1692, R. S., is limited, and the manner of its exercise definitely prescribed by Section 2108, R. S., and the authority of municipalities to pass' ordinances concerning the public peace must be found, if at all, in the latter section.”
Section 1692, R. S., is broader and more general in its terms than Section 2108, R. S., which latter section is limited in its application to disturbing the good order and quiet of the corporation.
The evident intent of the Legislature in Section 3628, G-. C., providing for a fine not exceeding five hundred dollars, to apply generally to Section 3658, G-. 0., formerly Section 1692, R. S., which as has been said is broader in its terms and may include more serious offenses, and the purpose of Section 3665, G. C., was to limit .a fine of fifty dollars for the minor offenses consisting of disturbing the good order and quiet of the corporation. It was not the intention of the Legislature that the section providing for the higher penalty should, by implication or otherwise, repeal the latter. Section 3665, G. C., was not repealed by the act of October 22, 1902 (96 O. L., 20), which was a codification of municipal legislation. The act of April 20, 1904 *298 (99 O. h., 4), amending certain sections of the municipal code enacts Section 3628, G. O. as Section 700, but makes no reference to Section 3665. Section 3664, G. 0., was amended in 103 O. L., 168. 'The following section providing for the penalty, however, was not- disturbed. This is also indicative of the legislative intent to preserve as well Section 3665 for the enforcement of the preceding section.
If it were to be conceded that we have two sections providing different penalties for the law authorizing the enactment of this ordinance, then the section which is special and applies particularly to Section 3665, and to no other section, must control as against a general provision for fines in other terms, and it must be concluded that the special section creates an exception to the application of the general one and the special must control. The conclusion is therefore reached that the city of Connaaut was authorized to impose as a penalty for the violation of the ordinance in question a sum not exceeding fifty dollars, and the penalty which was provided, namely, not exceeding two hundred dollars, was unauthorized and illegal.
The fine complained of, however, was only fifty dollars, not in excess of the sum which the city had a right to provide as the maximum penalty for a violation of the ordinance. 'The important and the controlling proposition now for determination is: Does the illegal and excessive penalty provided for in the ordinance make the ordinance itself illegal and void, or simply limit the infliction of the penalty to the amount which might properly be imposed? Some authorities upon this proposition will now be cited.
“Municipal corporations in their public capacity possess such powers, and such only, as are expressly granted by statute, and such as may be implied as essential to carry into effect those which are expressly granted.” Ravenna v. Pennsylvania Co., 45 Ohio St., 118.
“Municipal corporations in Ohio have only such police power as is expressly granted or clearly implied.” Townsend v. Circleville, 78 Ohio St., 122.
Approaching more closely to the precise question involved as to the effect upon ,an ordinance, which is in part illegal, the *299 general rule is stated in Detroit v. Railway, 95 Mich., 456, as follows
“When a municipal ordinance is good in part and bad in part, it is only necessary, in order to maintain the ordinance, that the valid and invalid parts be so distinct and independent that the invalid may be eliminated and what remains contain all the essentials of a complete ordinance.”
Attention is now directed to the case of Landis v. Vineland, 54 N. J. Law, 75. 'The ordinance in question provided as a penalty a fine of not less than three dollars nor more than ten dollars for each offense. The law providing for the ordinance authorized imprisonment not exceeding ten days, or a fine not exceeding twenty dollars, or both. In the opinion 'by the court it is said:
“By the charter the penalty may be any sum not exceeding twenty dollars, in the discretion of the mayor. By the ordinance it may not be less than three nor more than ten dollars. Btoth of these provisions can not stand, and consequently the penalty prescribed by the ordinance must fall, under the general principle that municipal ordinances inconsistent with the charter are void. It remains to consider the effect of this conclusion upon the residue of the ordinance which, in substance, declares what shall be an offense. The principle to be applied is that if part of a law be void, other essential and connected parts are also void, but where that part which is bad is independent and not essentially connected with the remainder, the latter will stand. In applying this principle the question to be decided is whether it is clear that if the void part of the enactment be obliterated the residue will still express that which the legislator intended to become law, and which is enforceable as law. In the present ease the mayor and council ordained that certain .acts should be visited with a fine not exceeding ten dollars. Is it clear that they intended that such acts might be visited with a fine of twenty dollars? Is it clear that if they had understood that the penalty might amount to twenty dollars they would have defined the prohibited conduct in the same terms? We think not. 'The misconduct and the penalty denounced .by them must have been connected in their minds as essential parts of a single law. If the court should substitute the statutory penalty for that fixed in the ordinance a law would be framed which the *300 legislative power has not expressed its intention to enact. The ordinance under which the prosecutrix was convicted is wholly void and her conviction must therefore be reversed. ’ ’
In Burlington v. Kellar, 18 Ia., 59, 65, it is said:
“It is a well settled rule that the authority conferred upon municipal corporations is to be strictly construed and must be closely pursued.”
Sedgwick, Statutory and Constitutional Law, 446:
“Or, as'the rule was stated by the Court of Appeals of New York, ‘The ordinance of a municipal corporation must conform strictly to the provision of the statute giving power to pass the ordinance, or its proceeding will be void.’ ”
In State v. Bright, 38 La. Ann., 1, the syllabus reads:
“A city has no power to punish disobedience of its ordinances by fine, imprisonment or other penalty, unless it is expressly granted by its charter.”
Again, it is said in the opinion:
“If it be true, as claimed, that the city has no right to enforce an ordinance to accomplish that object by fine, and in default of payment, by imprisonment, it follows that the ordinance in this case would be clearly unwarranted and illegal in that respect. This would suffice to render it inoperative and to relieve the defendant from the effect of the judgment from which he has appealed.”
‘ ‘ In regard to Section 9 of the ordinance the punishment provided for the unlawful selling of intoxicating liquors as fixed by said section is not authorized; that is, the provisions of the statute do not authorize imprisonment as a punishment for the violation of the ordinances except for non-payment of road tax. This leaves no provision of the ordinance under which the petitioner can be prosecuted upon any count of the complaint. The petitioner is therefore discharged.” In re Semple (Kans.), 62 Pac., 534.
A case decided in the Supreme Court of California in Strause v. Police Court, 85 Cal., 49, is illuminating upon the *301 question as to what part of an ordinance may be eliminated therefrom as void and leave the balance of the ordinance operative. The ordinance in question provided for the issuing of liquor licenses and for the payment of a license fee, and declared a violation of the ordinance a misdemeanor punishable by a fine of not more than one thousand dollars, or imprisonment for not more than six months, or both. The penal code of California, applicable to this proposition, prescribes a punishment of imprisonment of not more than six months, or a fine not exceeding five hundred dollars, or both. It was held that though the punishment provided by the ordinance conflicted with that prescribed by the statute, this portion of the ordinance could be rejected and that providing for the license could stand, as they were not dependent upon each other.
Thus, it will be seen that where an ordinance provides for two separate and distinct matters, as in this ordinance the issuing of a liquor license and a fee therefor, and a provision for a violation thereof, and a penalty for the violation, an excessive fine, unwarrantedly provided by the ordinance, rendered the penal part of the ordinance void, but that which provided for the issuing of the license and the payment of the license fee, being separate and distinct from the other part, would still be operative.
In the case of State, ex rel Dubuque, v. Babcock, 112 Ia., 250, an ordinance was held invalid which provided such penalty that it might be imposed in excess of the authority granted by the Legislature.
In the ease of Shreveport v. Draiss & Co., 111 La., 511, it was held that the council did not have power to pass an ordinance imposing a penalty in excess of that provided by law.
The authorities seem to settle the question that the penalty for violation of an ordinance is an inseparable part of it, and that if the penalty be illegal or excessive, the whole ordinance is void, and that such conditions do not come within the other rule that part of an ordinance may stand if it be independent of another, part which is illegal.
Another reason which may be suggested in this connection is that a court imposing a sentence ordinarily takes into con *302 sidenation two things, the nature of the offense and the maximum and minimum penalty provided, and fixes the amount of fine at such sum as the nature of the offense seems to merit considering the highest and lowest penalty. Presumably the mayor’s court in the case at bar, imposed a fine of fifty dollars understanding that for a more aggravated offense he would have a right to impose a fine which would be just, to the amount of two hundred dollars, when, as a matter of fact, the court was imposing a fine to the limit of its jurisdiction as permitted by law. This proposition becomes more pertinent when we remember that if the defendant below had been prosecuted directly for profane swearing, under Section 13390, he could be fined only one dollar for each offense, but by alleging the profanity in connection with the somewhat mythical disturbance of the public peace the fine is made fifty dollars. That the court was presumably mislead in his determination of the amount of the fine by the illegal provision of the ordinance appears more probable when it is remembered that the offense charged was one. constantly and generally committed and very rarely punished. This court is irresistibly led to the conclusion that the ordinance, for the reasoning herein indulged in, and by the authorities cited, is illegal and void by reason of the unauthorized severity of the penalty. The action is therefore reversed and the plaintiff in error discharged.
This disposition of the case makes it unnecessary to consider the future questions raised by counsel for the plaintiff in error, namely, that the conviction was against the weight of the evidence and the ordinance is unconstitutional.