2 So.2d 212

## STATE v. EMERSON.

### No. 36150.

April 28, 1941.

W. T. Holloway, of Jonesboro, for appellant.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Sp. Asst. Atty. Gen.; T. Kinnebrew, Dist. Atty., of Homer, and Wayne Stovall, Asst. Dist. Atty., of Jonesboro, for the State.

ODOM, Justice.

The assistant district attorney of Jackson Parish filed a bill of information against the defendant, charging that, on a certain date, he "* * * did then and there wilfully and unlawfully keep for sale intoxicating liquor commonly called beer for beverage purposes, to-wit: 7 cases of Pabst beer, 24 cans to the case, which was prohibited by Ordinance No. 7 of 1940 of the Police Jury of Jackson Parish, Louisiana."

Defendant was tried, found guilty, and sentenced to pay a fine of $100 and all

costs, and in default of paying the fine and costs to be incarcerated in the parish jail for a period of 30 days. From the conviction and sentence, defendant appealed.

Section 2 of the ordinance of the police jury under which defendant was indicted reads as follows:

"Be It Further Ordained, etc., that it shall be unlawful to sell or keep for sale any alcoholic beverages or intoxicating liquors as defined in Section 1 of this Ordinance in the Parish of Jackson, Louisiana."

Defendant reserved no bills of exception during the progress of the trial. Counsel does not now contend that defendant did not have in possession intoxicating liquors for sale, as charged. His sole defense is that the ordinance under which he was prosecuted is invalid.

Before going to trial, defendant through his counsel moved to quash the bill of information on the grounds (1) that defendant was not charged with any offense under the laws of the State of Louisiana; (2) that the ordinance under which he was indicted "* * * is null and void and of no effect for the reasons that it exceeds the Laws of the State of Louisiana, and more particularly Act No. 17 of 1935 as amended; that same is unconstitutional in that the said act does not provide for nor give the Parishes or municipalities the right to pass any ordinances prohibiting the possession of intoxicating liquors, and that the said ordinance is in direct contravention of the provisions of said act and exceeds the authority therein provided for"; (3) "That

the said ordinance is also in contravention of the Constitution of the United States of America and Act No. 15 of 1934 as amended which specifically gives the right and authority for any person to possess liquors or intoxicants, all of which act and Constitution your respondent does specially plead".

After conviction and before sentence, counsel for defendant filed a motion in arrest of judgment, setting out:

"That the said ordinance namely the one passed by the Police Jury of Jackson Parish, State of Louisiana as shown by the bill of information, is null and void, illegal and unconstitutional in that it exceeds the provisions of Act No. 17 of 1935 as amended and Act 15 of 1934, as amended; that the State Law, namely the acts herein cited does not authorize and empower the Police Juries of the several parishes to prohibit one having possession of Beer, Wine and Whiskey. That the said ordinance does not and cannot legally prohibit the possession of intoxicating liquors, beers, etc. and that the same is illegal, null and void and any fine therein provided for and assessed is null and void, illegal, and unconstitutional. That the court is therefore without the right, authority, or power to sentence and convict the mover herein."

The motions to quash and in arrest of judgment were overruled by the court, and his ruling is made the basis of this appeal.

■ A complete answer to defendant's complaint is that the Police Jury of Jackson Parish did not by its ordinance make it unlawful for a person to have intoxicat-

ing liquors in his possession; so that, if it be conceded, as counsel says, that the acts of the Legislature which he cites did not prohibit the keeping of such liquors in possession, and conceded further that the Legislature did not delegate to the police jury the power and authority to pass such an ordinance, the ordinance is not invalid for the reasons urged.

What the police jury did by its ordinance was to make it unlawful to sell intoxicating liquors "or keep for sale" any such liquors.

The facts are that the entire Parish of Jackson is what is commonly referred to as "dry territory". In the towns of Eros and Hodge in that parish, it is lawful to sell liquors of an alcoholic content not exceeding 6 per centum of alcohol by volume. But elsewhere in the parish no alcoholic liquors of any kind may be sold or kept for sale.

Pursuant to the authority conferred upon it by the local option act, which is Act 17 of the First Extra Session of 1935, the police jury called an election to be held throughout the parish for the purpose of determining the question whether "the business of producing, manufacturing, rectifying, blending or handling, selling, using, distributing, storing or consuming of alcoholic or intoxicating liquors as defined in Section 2 of this Act, otherwise than when prescribed by a licensed physician as a medicine", should be licensed or permitted in said parish.

The election was carried in favor of prohibition. In other words, the liquor traffic was outlawed in that parish by a majority vote of the electors. Section 1 of the act

referred to provides that, when a majority of the electors in a parish vote in favor of prohibition, the liquor business "shall not be therein licensed or permitted".

Section 6 of the local option act provides that, in order to make the local option therein provided for effective, "in those parishes, wards and municipalities where any of the aforesaid business is prohibited by the vote of the electors, the governing authorities of any parish or municipality may provide for such prohibition by ordinance, and may provide penalties for the violation of such ordinances, not, however, to exceed a fine of $500.00, or imprisonment for six months, or both at the discretion of the court".

The police jury adopted its ordinance pursuant to this delegated authority. In order to make prohibition "effective", it was made unlawful not only to sell intoxicating liquors but also to keep such liquors for sale.

It is true, as counsel states, that nothing is said in the local option statute about the keeping of intoxicating liquors for sale. But the statute specifically delegated to the police juries or the municipal authorities, as the case may be, the power and authority to make prohibition "effective". The Police Jury of Jackson Parish, having express authority to make local option effective, was vested with authority to prohibit the keeping on hand or in one's possession of intoxicating liquors for sale, this being an effective means of preventing such sales. The police jury did not by its ordinance prohibit the keeping of intoxicating liquors for a lawful

purpose, but did prohibit the keeping of such liquors for the unlawful purpose of selling them.

After the electors of the parish had by a majority vote prohibited the liquor traffic in that parish, the police jury was authorized to adopt, and did adopt, an ordinance to make the prohibition effective, and, as a means to that end, the selling or keeping for sale of such liquors for beverage purposes was made unlawful. The authority of the police jury to make it unlawful to sell intoxicating liquors for beverage purposes is not questioned. Since it was vested with such authority, it unquestionably was authorized to prohibit the keeping of such liquors for the purpose of violating the prohibitory law. That was a legitimate method of suppressing a traffic which had been outlawed by the electors of the parish.

There is no provision in the Constitution prohibiting the Legislature from making it unlawful for persons to keep intoxicating liquors for the purpose of sale, and, since there is none, it follows necessarily that the Legislature has the power to adopt such a statute. And, since it has that power and authority, it could delegate to the police juries and municipal authorities like power and authority where the liquor traffic is prohibited by a majority vote of the qualified electors. That is precisely what the Legislature did in Section 6 of the local option act.

We find no merit in the argument that the provision in the police jury ordinance making it unlawful to possess intoxicating liquors for sale is invalid.

Counsel for defendant in his motion to quash the bill of information set forth as one of the reasons why it was invalid that it did not state the alcoholic content of the beverage kept for sale. There is no merit in this attack. In State v. Lewis, 159 La. 109, 105 So. 243, it was held that an information charging the sale of intoxicating liquor need not set forth the alcoholic content of the liquor.

Another objection to the bill of information was that it was filed by the assistant district attorney and not by the district attorney himself. This objection seems to have been abandoned, since it is not mentioned in counsel's brief.

For the reasons assigned, the conviction and sentence are affirmed.

O'NIELL, C.J., does not take part.