305 So.2d 406 (1974)
STATE of Louisiana.
v.
R. L. WRIGHT, Jr., and Macon Ridge Roping Club, Inc.
No. 54709.
Supreme Court of Louisiana.
December 2, 1974.
John Barkley Knight, Jr., Winnsboro, for Macon Ridge Roping Club, Inc.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Don K. Carroll, Dist. Atty., S. E. Lee, Jr., Asst. Dist. Atty., for plaintiff-appellee.
BARHAM, Justice.
On February 4, 1937, the Franklin Parish Police Jury enacted Ordinance No. 1989, prohibiting the sale or distribution of intoxicating beverages in Franklin Parish pursuant to a parish-wide local option election held under the provisions of Act No. 17 of the Extraordinary Session of 1935. Macon Ridge Roping Club, Inc., organized by R. L. Wright, Jr., is a non-profit corporation operated as a private club. Alcoholic beverages, especially beer, were available to members by use of punch cards which the members alone could purchase. In June of 1973 a State policeman was admitted to membership in the Club. He purchased a punch card and obtained two cans of beer with it.
Subsequently the defendants were charged by bill of information with operating a "blind tiger" in violation of La.R.S. 26:711, which defines a "blind tiger" as:

*407 "* * * any place in those subdivisions of the state in which the sale of alcoholic beverages is prohibited where such beverages are kept for sale, barter, or exchange or habitual giving away, whether in connection with a business conducted at the place or not."
In a trial before a judge, a directed verdict of not guilty was granted as to defendant Wright. However, the Roping Club was found guilty and was sentenced to pay a fine of $325.00 plus costs. In this appeal, the Roping Club relies upon five specifications of error. Because we find reversible error in the third specification, we pretermit a discussion of the other four.
Our holding in State v. Sissons, 292 So.2d 523 (La. 1974) governs the disposition of this case. In Sissons we struck down a Winn Parish ordinance prohibiting the sale of alcoholic beverages because we found that it exceeded legislative delegation of power in three respects. The ordinance before us is infirm for the same three reasons.
As in Sissons, the ordinance in question was enacted by the exercise of local option on a parish-wide basis, in direct contravention of La.R.S. 26:582. That statute restricts the exercise of local option exclusively to wards and incorporated municipalities; it expressly prohibits its exercise on a parish-wide basis. As was stated in Sissons:
"The power to regulate traffic in alcoholic beverages is vested in the State and the legislature may delegate such power to political subdivisions of the State. See State v. Emerson, 197 La. 783, 2 So.2d 212 (1941); State v. Gardner, 198 La. 861, 5 So.2d 132 (1941). However by so delegating the State does not surrender its power and the legislature can at any time alter or recall the delegated power. State v. Gardner, supra; State v. City of New Orleans, 151 La. 24, 91 So. 533 (1922). Generally, a police regulation of a subdivision of the State enacted pursuant to authority delegated by the State cannot exceed the grant of authority and must fall when it conflicts with State law. See La.Const. Art. 14, § 40(d) (1921). Cf. City of Alexandria v. La Combe, 220 La. 618, 57 So.2d 206 (1952); State v. Bradford, 220 La. 176, 56 So.2d 145 (1951)." 292 So.2d at 525-526.
Therefore, this exercise of local option on a parish-wide basis renders the resulting ordinance invalid.
The penalty provisions in the ordinance before us are virtually identical to those struck down in Sissons, i. e., a fine not to exceed $500.00, or imprisonment not to exceed six months, or both, with authority to impose additional imprisonment of up to six months for failure to pay the fine imposed. Act 17 of the Extraordinary Session of 1935 permitted such a penalty provision. However, Act 372 of 1948 (now incorporated in La.R.S. 26:595) amended the local option law, reducing the penalties to a maximum of a $100.00 fine, or imprisonment for thirty days, or both. The penalty provisions provided in the ordinance, as well as the sentence actually imposed, are invalid because they exceed those allowed under La.R.S. 26:595.
The ordinance in question prohibits distribution of alcoholic beverages "* * * as defined in paragraphs (a) and (b) of Section 2 of Act 17 of the General Assembly of the State of Louisiana, passed in Extraordinary Session of 1935 * * *." Act 17 of 1935 authorized the prohibition of beverages with an alcoholic content between one-half of one per cent and six per cent by volume or those with an alcoholic content greater than six per cent or both. See Sissons, 292 So.2d at 525. However, this, too, was amended by Act 272 of 1948, and the result was that wards and municipalities could no longer bar beverages containing more than one-half of one per cent and not more than 3.2 per cent of alcohol by weight. Although that Act contained a savings clause, the clause was deleted when the *408 local option law was re-enacted as La.R.S. 26:581-26:595 and it therefore does not appear in our current law. Consequently, the ordinance before us represents an attempt to prohibit beverages with an alcoholic content which may not be regulated by local option under La.R.S. 26:588.
Acts 37, 325, and 648 of 1974 represent an attempt by the legislature to overrule the decisions of this Court that have held these local option elections and ordinances invalid since the deletion of the "savings clause" in 1950. We considered similar legislation in Sissons and we reaffirm that holding. The 1974 legislation can operate prospectively only; it can render valid ordinances and local option elections contrary to the requirements which were violated in this case only if those elections and those ordinances occurred after the effective date of the 1974 Acts. However, these 1974 Acts cannot revive those elections and ordinances which we have already declared null and void on the basis of prior legislative action.
For the reasons stated above, we therefore hold that Ordinance No. 1989 of Franklin Parish is invalid. Accordingly, we reverse the conviction and sentence and order the defendant discharged.
SANDERS, C. J., dissents for the reasons assigned in his dissent in State v. Sissons, 292 So.2d 523 (La.1974).
SUMMERS, J., dissents for the reasons assigned.
MARCUS, J., dissents for reasons assigned by SUMMERS, J.
SUMMERS, Justice (dissenting).
For the first time in this appeal, defendant assails the constitutionality of the ordinance on the grounds that it is an exercise of a local option on a parish-wide basis in contravention of Section 582 of Title 26 of the Revised Statutes; that the ordinance purports to prohibit beverages with an alcoholic content which by the terms of Section 588 of Title 26 may not be regulated by local prohibition, and that the penalties under the ordinance grossly exceed those allowed under Section 595 of Title 26. Reliance is placed on the decision of this Court in State v. Sissons, 292 So.2d 523, decided April 26, 1974, to support this position. That case involved an ordinance of Winn Parish.
The following statement of the law controls this contention:
"It is elementary that all laws are presumed to be constitutional until the contrary is made clearly to appear, and that he who urges the unconstitutionality of the law must specially plead its unconstitutionality, and show specifically wherein it is unconstitutional. The plea, in this instance, is too vague to put at issue the unconstitutionality of the laws attacked. The court cannot be expected to make an examination to ascertain the various laws under which plaintiff may have acted and to ascertain wherein they violate the due process clause of the Constitution of the United States, or are otherwise unconstitutional, and, if they are, in what respect they are so, nor can the opposite party to the litigation, under these circumstances, be expected to meet the attack, for he is not sufficiently informed by the plea to undertake the task, and, moreover, the burden is not upon him to show that they are constitutional." City of Shreveport v. Pedro, 170 La. 351, 127 So. 865 (1930). See also State v. Hudson, 162 La. 543, 110 So. 749 (1926).
The quoted statement of law expresses the general rule that "a litigant cannot raise the unconstitutionality of a statute or ordinance unless its unconstitutionality is specially pleaded and the grounds particularized." Summerell v. Phillips, 258 La. 587, 247 So.2d 542 (1971). See also State v. Broussard, 263 La. 342, 268 So.2d 248 (1972); State v. Pesson, 256 La. 201, 235 So.2d 568 (1970); Creel v. Creel, 218 La. *409 382, 49 So.2d 617 (1950); City of New Orleans v. Plotkin, 205 La. 490, 17 So.2d 719 (1944); Ricks v. Close, 201 La. 242, 9 So.2d 534 (1942); Stovall v. City of Monroe, 199 La. 195, 5 So.2d 547 (1941); State v. Great Atlantic & Pacific Tea Co., 190 La. 925, 183 So. 219 (1938), cert. denied, 305 U.S. 637, 59 S.Ct. 108, 83 L.Ed. 410.
Several exceptions to this general rule have been recognized by the cases; for example: 1) When a statute attempts to limit the constitutional power of the courts to review cases, State v. Gatlin, 241 La. 321, 129 So.2d 4 (1961); State v. Hudson, 253 La. 992, 221 So.2d 484 (1969), rev'd on other grounds, Duplessis v. Louisiana, 403 U.S. 946, 91 S.Ct. 2282, 29 L.Ed.2d 856 (1971); Mayers v. Board of Trustees, Etc., 199 La. 633, 6 So.2d 713 (1941); or 2) when the statute has been declared unconstitutional in another case, Harris v. Monroe Building & Loan Assn., 185 La. 289, 169 So. 343 (1936); State v. Cormier, 171 La. 1035, 132 So. 779 (1931); or 3) when the statute applicable to the specific case becomes effective after the appeal is lodged in the higher court, Long v. Northeast Soil Conservation District of La., 226 La. 824, 77 So.2d 408 (1955); or 4) when an act which is the basis of a criminal charge is patently unconstitutional on its face and the issue is made to appear as an error patent on the face of the record. La.Code Crim.Proc. art. 920; Official Revision Comment, La.Code Crim.Proc. art. 535; City of Baton Rouge v. Norman, 290 So.2d 865 (La. 1974). State v. Rawls, 161 La. 628, 109 So. 146 (1926).
The case at bar falls into the last of the recognized exceptions. Although defendant did not allege or particularize in the trial court the ground which he asserts here, a prosecution based upon an unconstitutional statute cannot serve as the basis for a valid verdict. Thus it is necessary to consider the issue of constitutionality of the ordinance despite the fact that the issue has been raised for the first time on appeal.
Before defendant sold the beer on June 26, 1973, which is the transaction upon which this prosecution is based, the legislature passed Act 705 of 1972. That act declared that the enactment of Section 588 of Title 26 of the Revised Statutes should not be construed or have the effect of vitiating or affecting any ordinances adopted prior to 1948 by any political subdivision which prohibited the sale of beverages containing alcohol of more than one-half of one percent by volume. Although the legislature cannot instruct this Court how to construe laws in litigation, it may certainly enact statutes which give a fixed prospective effect to existing laws.
Thus when the commission of the offense in the case at bar occurred, on June 26, 1973, Act 705 of 1972 was in full force and effect. Commission of the offense, therefore, was in the face of an act of the legislature declaring that Section 588 could not have the effect of vitiating an ordinance which had not then been declared unconstitutional. This resulted in the revival of the ordinance; it, therefore, withstands the attack on its constitutionality.
I respectfully dissent.