BARHAM, Justice.
Defendant Neamen Riser was charged by bill of information with possessing intoxicating liquor for sale in Ward 1 of Sabine Parish “where the sale of intoxicating liquor is prohibited by law.” A motion to quash the information, based on this Court’s decision in State v. Sissons, 292 So.2d 523 (La.1974), was filed by the defendant. Thereupon, the State amended the bill of information to charge Neamen Riser with having committed the offense of possessing intoxicating liquor for sale in violation of La.R.S. 26:158. An amended motion to quash was filed in response to the new bill of information. Following a hearing on the motion, the judge sustained it. The State has appealed. We affirm the trial judge’s decision to sustain the motion to quash.
Our decisions in State v. Sissons, supra, and in State v. Wright, 305 So.2d 406 (La.1974), on our docket, decided December 2, 1974, control the disposition of this case. In both of those cases we struck down parish ordinances because we found that they exceeded legislative delegation of power in three respects. The ordinance in the case before us is infirm for the same three reasons:
1. It is an exercise of a local option on a parish-wide basis, in contravention of La. R.S. 26:582 which restricts the exercise of *334 local option exclusively to wards and incorporated municipalities.
2. The penalty provisions are in excess of those permitted under La.R.S. 26:595.
3. It purports to prohibit beverages with an alcoholic content which may not be regulated by local option under La.R.S. 26:588.
 We therefore hold the ordinance in this case invalid. The State’s amendment of the bill of information was evidently an attempt to circumvent prosecution under an ordinance which was invalid under Sissons. Instead, the State sought to prosecute the defendant under a state statute, La.R.S. 26:158, which provides:
“No person shall sell or keep for sale any alcoholic beverages for beverage and business purposes in any subdivision of the state where the sale of alcoholic beverages is prohibited by law or ordinance. * * *” (Emphasis supplied).
However, this attempted circumvention of Sissons must fail because in Ward 1 of Sabine Parish the sale of intoxicating beverages was not prohibited by any ordinance that was valid.
For the reasons assigned, we affirm the trial judge’s action in sustaining the motion to quash.
SANDERS, C. J., dissents with written reasons.
SUMMERS, J., dissents and assigns reasons.
MARCUS, J., dissents and assigns reasons.