SUMMERS, Justice
(dissenting).
This Court’s decisions in State v. Sissons, 292 So.2d 523 (La.1974) and State v. Wright, 305 So.2d 406 (La.1974) are not relevant or material to this case. This prosecution is under the authority of Section 158 of Title 26 of the Revised Statutes, which, except for the penalty provision, provides:
“No person shall sell or keep for sale any alcoholic beverages for beverage and business purposes in any subdivision of the state where the sale of alcoholic beverages is prohibited by law or ordinance.”
The District Attorney specifically advised the defense and the trial judge that the prosecution was based upon that part of Section 158 which made it an offense to sell alcoholic beverages when it was prohibited by “law”. In doing so the prosecutor informed the defense and the court that he was not relying upon a violation of any ordinance, but, to the contrary, was relying upon the fact that the sale of alcoholic beverages was prohibited in Ward 1 of Sabine Parish because the sale by defendant was a violation of Section 158 in that it was made in contravention of “law” —not an ordinance. The “law” relied upon was stated to be Section 74 of Title 26 of the Revised Statutes prohibiting possession or sale of alcoholic beverages exceeding 6% alcohol content by volume without a permit. The pertinent section reads:
“No person shall do any act for which a permit is required by this Chapter or by local authorities acting hereunder un *335 less he holds the proper state and local permit. Each day’s conduct of business by dealer without such a valid, unsus-pended permit constitutes a separate violation of this Chapter.”
Therefore, conceding arguendo that no valid ordinance prohibited the sale of alcoholic beverages exceeding 6% alcohol, the District Attorney made it clear and emphatic that the prosecution did not depend upon such a prohibition ordinance. Instead, he emphasized, that he was depending upon the defendant’s failure to obtain a permit as required by Section 158.
Without expressing a view as to the soundness of the District Attorney’s position in law, it is clear to me that the trial judge’s order sustaining the motion to quash on the authority of State v. Sissons was error. State v. Sissons held that the authority supporting the enactment of local option ordinances was repealed in 1950 and that authority could not be preserved by subsequent legislation; it could only be revived; whereas this case does not involve any ordinance whatsoever. For the same reasons the majority opinion of this Court is also in error. It fails to meet the issue presented and charges the State with “an attempt to circumvent prosecution under an ordinance which was invalid under Sis-sons.”
There is no justification for this charge. It should be clear to this Court that the State Legislature is empowered to require a state “permit” to sell alcoholic beverages and that it has done so by extensive legislation. See La.R.S. 26:71-106. The sale of alcoholic beverages is prohibited unless such a permit is obtained. La.R.S. 26:158.
It is not an “attempt to circumvent prosecution under an ordinance which is invalid” if the District Attorney prosecutes under a valid state “law”. The majority has decided this case on an issue alien to the facts and law of the case.
I respectfully dissent.