315 So.2d 22 (1975)
Murphy TOLAR et al.
v.
STATE of Louisiana.
No. 55580.
Supreme Court of Louisiana.
April 24, 1975.
*23 William H. Baker, Donald C. Brown, Holloway, Baker, Culpepper & Brunson, Jonesboro, for plaintiffs-appellees.
William J. Guste, Jr., Atty. Gen., Carmack M. Blackmon, Staff Atty., Baton Rouge, Leon H. Witten, Dist. Atty., for defendant-appellant.
BARHAM, Justice.
Plaintiffs are the holders of valid Class A and Class B retail beer permits as well as retail liquor permits issued by the State of Louisiana and the parish of Jackson. In reliance upon these permits, they are engaged in the business of operating retail alcoholic liquor and beverage outlets and selling of alcoholic beverages containing more than 3.2 per cent alcohol by weight in the towns of Jonesboro and Chatham, both of which are in Jackson Parish. All the parties have stipulated that the District Attorney for the Second Judicial District has suggested to the Sheriff of Jackson Parish that Act 325 of the 1974 Session of the Louisiana legislature be enforced; and all have agreed that Act 325, if enforced, would result in irreparable injury and damage to the plaintiffs in this suit.
On July 31, 1974, plaintiffs filed a petition seeking a preliminary injunction restraining the enforcement of Acts 648, 37, 41 and 325 of the 1974 Session of the Legislature, and further seeking a declaration of the unconstitutionality of those statutes. On July 31, the district court issued a temporary restraining order restraining the enforcement of those acts. On August 14, 1974, the court issued a permanent injunction against the State, prohibiting the enforcement of Act 325 and declaring the act to be unconstitutional and therefore void and of no effect.
The State appealed, specifying as error the lower court's holding that Act 325 was unconstitutional, void and of no effect, and the issuance of the permanent injunction against its enforcement. We affirm the judgment of the trial court in both respects.
We note at this point that Act 325 repealed that portion of Act 41 of 1974, which was also relevant to the issue we consider in the instant case. Act 41, in addition to amending and re-enacting other sections of Title 26 of the Revised Statutes, as well as adding a new section, also attempted to amend and re-enact § 588 of Title 26. The particular provision amending and re-enacting § 588 is severable from the rest of the Act, and severability is provided for by the legislature within Act 41. Act 41 was approved on June 26, 1974, and it provides in pertinent part:
"§ 588. Prior ordinances
No provision of this chapter shall be construed as or have the effect of vitiating or affecting any ordinances adopted prior to 1948 by any political subdivision which prohibited the sale of beverages containing alcohol of more than one-half of one percent by volume; to preserve those ordinances of local subdivisions that prohibited the sale of beverages containing under 3.2 percent alcohol *24 which were adopted prior to and were in effect in 1948; and any court decisions to the contrary are legislatively overruled."
However, in Act 325, which was a later act signed by the governor on July 12, 1974, the legislature by specific title attempted to re-enact Only § 588 of Title 26, (1950). Thus, by amending and re-enacting § 588 in Act 325, the legislature repealed that portion of the earlier act, Act 41, which had also attempted to amend and re-enact § 588. This action resulted in making Act 325 the only 1974 legislation applicable to the case at hand. It provides:
"Section 1. Section 588 of Title 26 of the Louisiana Revised Statutes of 1950 is hereby amended and reenacted to read as follows:
"§ 588. Beverages under 3.2 percent alcohol may not be prohibited except where such prohibition was in effect prior to 1948.
Prohibition of the sale of any or all alcoholic beverages by a local option election held pursuant to this chapter shall not operate as a prohibition of the manufacturing, producing, using, distributing, storing or selling of beverages containing more than one-half of one percent alcohol by volume but not more than three and two-tenths percent alcohol by weight, except where a local option election was held on a parish-wide, ward or other basis, and an ordinance was subsequently adopted by the local governing authority, specifically including but not limited to parish-wide ordinances adopted by the police jury, and was in effect prior to 1948 pursuant to the results of any such election prohibiting the sale of beverages containing alcohol of more than one-half of one percent by volume. It is the solemn expression of the legislative will that this section or any other provision of this chapter shall not be construed in any way whatsoever as or have the effect of vitiating or affecting any such ordinance adopted and in effect prior to 1948 pursuant to a local option election held on a parish-wide, ward or other basis which ordinance prohibited the sale of beverages containing alcohol of more than one-half of one percent by volume, and that accordingly such ordinances which were adopted and were in effect prior to 1948 are hereby revived, and any court decisions to the contrary are hereby expressly legislatively overruled.

Section 2. All laws or parts of laws in conflict herewith are hereby repealed." (emphasis here and elsewhere supplied).
Our decision in State v. Wright, 305 So.2d 406 (La.1974) governs the disposition of this case. In Wright, we held:
"Acts 37, 325, and 648 of 1974 represent an attempt by the legislature to overrule the decisions of this Court that have held these local option elections and ordinances invalid since the deletion of the "savings clause" in 1950. We considered similar legislation in Sissons [292 So.2d 523 (La.1974)] and we reaffirm that holding. The 1974 legislation can operate prospectively only; it can render valid ordinances and local option elections contrary to the requirements which were violated in this case only if those elections and those ordinances occurred after the effective date of the 1974 Acts. However, these 1974 Acts cannot revive those elections and ordinances which we have already declared null and void on the basis of prior legislative action." (305 So.2d at 408)
Thus, under Wright, Act 325 could not be used against these plaintiffs subsequent to the 1974 Acts to enforce a local option ordinance that had been invalid under Sissons prior to the 1974 legislation. These plaintiffs could be forced to close their businesses only pursuant to a valid local option election and ordinance enacted after the 1974 legislation.
*25 In Wright, the constitutionality of the 1974 legislation was not before us. However, in the instant case, the defendants seek a reversal of the lower court's decree that Act 325 is unconstitutional. The specific language in Act 325 which represents an attempt on the part of the legislature to "revive" ordinances in effect prior to 1948 is italicized supra. It appears that by use of the word "revived", the legislature hoped to conform with the holding of this Court in State v. Sissons, supra:
"The authority supporting those ordinances prohibiting beverages of less than 3.2 per cent alcoholic content was expressly repealed in 1950. That authority cannot be preserved; it can only be revived."

However, La.Const. art. 3, § 17 (1921) provides:
"No law shall be revived or amended by reference to its title, but in such cases the act revived, or section as amended, shall be re-enacted and published at length."
The legislature is incapable of performing the function of reviving otherwise invalid local option ordinances. Local option ordinances can be brought into effect in these parishes in only one wayeach parish that seeks to have local option ordinances must conform with the specific requirements for calling local option elections and enacting ordinances pursuant to the election. The ordinances that were invalid prior to the legislation cannot constitutionally be rendered valid until they have been completely reenacted under the procedure provided for local option elections and ordinances. An additional reason for holding Act 325 unconstitutional is that it is an ex post facto law, the enactment of which is prohibited under La.Const. art. 4, § 15 (1921).
For the reasons assigned, the judgment of the trial court is affirmed in both respects.
MARCUS, J., concurs and assigns reasons.
SANDERS, C.J., and SUMMERS, J., dissent and assign reasons.
MARCUS, Justice (concurring).
While I dissented in State v. Sissons, 292 So.2d 523 (La.1974) and in State v. Wright, 305 So.2d 406 (La.1974), I consider these decisions controlling here. Hence, I feel constrained to concur in this opinion.
SANDERS, Chief Justice (dissenting).
I am strongly convinced that the line of decisions beginning with State v. Sissons, La., 292 So.2d 523 (1974), is a judicial intrusion into the legislative authority vested in state and local government. Hence, I adhere to my dissents in State v. Sissons, supra, and State v. Wright, La., 305 So.2d 406 (1974).
I also subscribe to the views expressed in the dissent of Mr. Justice Summers.
For the reasons assigned, I respectfully dissent.
SUMMERS, Justice (dissenting).
Plaintiffs, residents of Jackson Parish, allege they are the holders of valid Class A and B retail beer permits and valid retail liquor permits issued by the State and the parish of Jackson. In reliance upon these permits, they are engaged in the business of operating retail alcoholic liquor and beverage outlets located in the towns of Jonesboro and Chatham in Jackson Parish.
According to the petition, plaintiffs are engaged in the retail sale of alcoholic beverages containing more than 3.2% alcohol by weight. The petition, filed July 31, 1974, sets forth that Acts 648, 27 (sic, should be 37), 41 and 325 of 1974 will go into effect on that day. The purpose of these acts is alleged to be to reenact Section *26 588 of Title 26 of the Revised Statutes, relating to the manufacture or sale of alcoholic beverages containing less than 3.2% alcohol, and to provide for the revival of ordinances adopted and in effect on a parish-wide, ward or other basis prior to 1948, which prohibited the sale of alcoholic beverages containing less than 3.2% alcohol.
These acts are alleged to be unconstitutional in prohibiting the sale or manufacture of alcoholic beverages by a local option election held pursuant to Title 26 of the Revised Statutes and by providing that they shall not operate as a prohibition of the manufacture or sale of beverages of 3.2% alcohol, except where a local option ordinance adopted prior to 1948 adopts such a prohibition.
Unconstitutionality of the 1974 Acts is also alleged to result from the "expressions" in those acts to the effect that Section 588 of Title 26 shall not be construed to vitiate any ordinance in effect prior to 1948, adopted pursuant to a local option election, which prohibits the sale of alcoholic beverages containing more than onehalf of one percent alcohol by volume; and, insofar as those acts provide for the revival of those ordinances enacted prior to 1948, it is asserted they are unconstitutional.
Ex post facto and due process principles are invoked to support the claim of the petitioners that the Acts deprive them of their permits without a hearing.
Arrest and prosecution of petitioners was threatened if the Acts of 1974 were enforced, and petitioners would suffer irreparable harm as a result, according to the petition. A temporary restraining order was prayed for and issued, restraining all officials charged with the enforcement of those laws; and, in due course, on the trial of the permanent injunction, the trial judge overruled an exception of no cause of action and held that the Acts of 1974 were unconstitutional.
Aside from the vague and ambiguous character of the petition, nowhere in the pleadings, exhibits or in briefs are the terms, conditions and penalties of any ordinance of the parish of Jackson or of the municipalities involved, or of any ward within the parish set forth, alleged or proven. Nor have plaintiffs-appellees shown that any such local ordinance exceeds the authority authorizing those ordinances.
Courts cannot take judicial cognizance of local ordinances. La.R.S. 15:422; State ex rel. Hourguettes v. City of Gretna, 194 La. 460, 193 So. 706 (1940); Bradford v. City of Shreveport, 266 So.2d 254 (La.App.1972), cert. denied, 263 La. 364, 268 So.2d 256 (1972); McMahon, Courts and Civil Procedure, 19 La.L.R. 72 (1958). See also La.R.S. 13:3712. Without the ordinances petitioners have not established a prima facie case. Every essential fact must be established to a reasonable certainty by clear allegations or evidence to support issuance of an injunction. Schwegmann Bros. Giant Supermarket v. La. Milk Commission, 290 So.2d 312 (La.1974).
These petitioners cannot call the constitutionality of these 1974 Acts into question unless they are prepared to show in this case with particularity that ordinances exist which will be enforced against them if the Acts are not declared unconstitutional. With the exception of some vague and oblique references to ordinances which will serve as a basis for prosecution no such showing has been made. LaBauve v. Louisiana Wildlife and Fisheries Com'n, 289 So.2d 150 (La.1974); National Food Stores of Louisiana, Inc. v. Cefalu, 280 So.2d 903 (La.1973).
It will not do to say that these petitioners are threatened with prosecution under ordinances when there are no ordinances shown to exist under which they can be prosecuted.
Generally, the constitutionality of a statute or city ordinance is open to attack only *27 by a person whose rights are affected thereby, and a showing must be made that enforcement of the statute or ordinance will be an infringement of his rights. Vieux Carre Property Owners and Associates, Inc. v. City of New Orleans, 246 La. 788, 167 So.2d 367 (1964).
Without such a showing, therefore, it was error for the trial judge to overrule the exception of no cause of action filed by defendants. Accordingly, the ruling and judgment of the trial court overruling the exception of no cause of action and declaring the Acts of 1974 unconstitutional should be overruled, and the exception of no cause of action should be maintained.
The majority's excursion into the constitutionality of this legislation is entirely improper. It is an exercise in the adjudication of an abstract proposition wholly unsupported by the record. I respectfully dissent.