315 So.2d 27 (1975)
PATRICK'S CAFE, INC., et al.
v.
RED RIVER PARISH POLICE JURY.
No. 55605.
Supreme Court of Louisiana.
April 24, 1975.
*28 William J. Guste, Jr., Atty. Gen., Carmack M. Blackmon, Staff Atty., Baton Rouge, Ronald C. Martin, Dist. Atty., John S. Stephens, Asst. Dist. Atty., for defendants-appellants.
C. R. Whitehead, Jr., Whitehead & McCoy, Natchitoches, for plaintiff-appellee.
BARHAM, Justice.
Plaintiffs Patrick's Cafe, Inc.; Westside Liquor Co., Inc.; William Loran Shaver, d/b/a Shaver's Grocery and Market; and B. D. Hicks, d/b/a Bert's Grocery and Bar-B-Q, brought this suit seeking a permanent injunction against the defendants, Red River Parish Police Jury, Red River Parish Sheriff Kerwin Brown, and the District Attorney for the Tenth Judicial District. Plaintiffs sought to enjoin defendants from the enforcement of Acts 37, 41, 325, and 468 of the 1974 Session of the legislature, and additionally, to have those acts declared unconstitutional as applied to them.
A hearing was held on August 19, 1974, and on August 21, the court issued a permanent injunction against the defendants prohibiting the enforcement by them of Acts 325 and 41 of the 1974 Session, and Ordinance 55 of the Red River Parish Police Jury as these acts and this ordinance might serve as a legal basis for revoking and rescinding valid licenses held by each plaintiff to sell at retail beverages of low and high alcoholic content in Red River Parish. The court also rendered judgment declaring Acts 41 and 325 unconstitutional and void insofar as they might be applied retroactively and serve as a basis for revoking and rescinding the licenses held by the plaintiffs; Ordinance 55 of the Red River Parish Police Jury was declared void and of no effect as well.
From 1939 until June of 1974, Red River Parish was a "dry" area pursuant to a Red River Parish Police Jury ordinance enacted after a parish-wide prohibition election had been conducted under authority of Act 17 of the 1935 Extraordinary Session of the legislature. Following this Court's decision in State v. Sissons, 292 So.2d 523 (La.1974), declaring such prohibition ordinances invalid, the Red River Parish Police Jury enacted Ordinance 52, providing for the issuance to qualified applicants of retail beer and liquor licenses. The plaintiffs *29 obtained licenses from the State and from the Red River Parish Police Jury and commenced the sale of beer and liquor at retail in Red River Parish, investing considerable sums of money in inventories and equipment. Subsequent to the passage and effective date of Acts 41 and 325 of the 1974 Session of the legislature, the Red River Police Jury called a special meeting on August 5, 1974, at which they adopted Ordinance 55, rescinding Ordinances 52 and 54 and revoking all alcoholic beverage licenses issued by the Red River Parish Police Jury, effective midnight, August 10, 1974. Within two days, each plaintiff received a letter from the Red River Police Jury advising that his license had been rescinded and recalled stating:
"You have until midnight, August 10, 1974, to dispose of your liquor stocks and cease operations of a liquor business in Red River Parish."
Whereupon, plaintiffs filed the instant suit. The defendants here appeal the judgment of the trial court against them.
Ordinance 55, provides in pertinent part:
"On motion Lewis H. Brown, duly seconded Claude E. Veatch, that the Jury under the authority of Acts37, 41, 325 and 648 of the 1974 regular session of the Louisiana Legislature does hereby rescind Liquor Ordinance No. 52, legally adopted at a Special called meeting held on Monday, May 20, 1974, duly filed and recorded May 23, 1974 in Red River Parish Clerk of Court Record Book and Liquor Ordinance No. 54, amendment to Liquor Ordinance No. 52, legally adopted at regular and legal meeting held Tuesday, June 25, 1974 duly filed and recorded June 27, 1974 in Red River Parish Clerk of Court Record Books, records of Red River Parish, Louisiana, and that all alcoholic beverage licenses issued by this body be revoked effective midnight, Saturday, August 10th, 1974. Further, that certified letters so advising all permittees be forwarded immediately and copies of such letters be mailed to the Louisiana Department of Public Safety, Baton Rouge, Louisiana, and Red River Parish Sheriffs Office, Coushatta, Louisiana.
The above and foregoing was unanimously adopted * * *"
It is apparent from the letters sent to the plaintiffs that the Red River Parish Police Jury intended for the adoption of Ordinance 55 to result in the cessation of liquor sales in Red River Parish. However, a strict reading of the ordinance convinces us that there is no need to pass on its constitutionality because the only result the ordinance could have is to withdraw from the parish the functions of collecting licensing fees and monitoring the licenses for retail of alcoholic beverages and liquor in the parish.
Even if the ordinance had been more carefully worded, the police jury was incapable of re-enacting local option by the mere adoption of an ordinance. In order to reinstate prohibition, the parish must comply with the local option procedure set forth in La.R.S. 26:581-712 which requires the calling of an election under State law for areas which petition for such. See Tolar v. State, 315 So.2d 22 (La.1975), in which we struck down as unconstitutional Act 325 and part of Act 41 of the 1974 Session.
The withdrawal of this function from the parish government leaves only State regulation of liquor licensing in the area; therefore, plaintiffs actually have no reason to complain of the enforcement of Ordinance 55 because it merely eliminates the requirement that they be licensed by the parish as well as the state.
We hold that Red River Parish does not have a local option ordinance controlling the sale of alcoholic beverages and liquor. We further hold that the police jury could not, by simple ordinance, enact or revive local option for the Parish. The police jury of Red River Parish, by Ordinance 55, has simply waived its right to *30 regulate licensing and to collect fees from licenses. Those who wish to engage in the business of the sale of alcoholic beverages and liquor in Red River Parish need only comply with the state licensing laws.
For the reasons assigned we reverse the judgment of the trial court enjoining the enforcement of Ordinance 55.[*] We also reverse the trial court's judgment enjoining the application of Acts 41 and 325 to these plaintiffs on our finding that such a determination is not necessary to disposition of the case. All costs are taxed against the defendant according to law.
MARCUS, J., concurs.
SANDERS, C.J., concurs in the result.
SUMMERS, J., dissents and assigns reasons.
SUMMERS, Justice (dissenting).
This litigation arises from the decision in State v. Sissons, 292 So.2d 523 (1974), when this Court, by a 4-3 vote, overruled twenty years of jurisprudence upon the tenuous ground that the saving clause of Act 372 of 1948 had been repealed by implication when the Revised Statutes were enacted in 1950.
By Act 325 of 1974 the legislature sought to re-enact the "savings clause" of Act 372 of 1948; the prior law which this Court decided in Sissons had not been saved by means of the general savings clause (La.R.S. 1:16) in the 1950 enactment of the Revised Statutes. Action of the legislature to revive the savings clause of Act 372 of 1948 would have been contrary to Section 17 of Article III of the Constitution of 1921. But this was not done. Instead, the legislature re-enacted and published the savings clause as Act 325 of 1974, as a reading of the two acts makes plain. Therefore, Act 325 of 1974 does not seek to revive the individual local option ordinances. Rather, the Act is a detailed and explicit legislative Act re-enacting the savings clause of the 1948 Act. The ordinances were not declared invalid by Sissons, only the authority for their enactment. Thus when Act 325 re-enacted the authority, the ordinance stood on firm ground and the pre-1948 ordinance became enforceable and viable.
The Red River Parish ordinance repealing liquor licenses left these pre-1948 ordinances prohibiting intoxicating beverages enforceable and gave authority for the letter terminating the license privilege.
And the claim that Act 325 is retroactive is not well-founded. It contains no provision declaring that it is retroactive. Well established jurisprudence holds to the effect that a statute is not rendered retroactive in application merely because it draws upon antecedent facts for its operation. United States v. Trans-Missouri Freight Assn., 166 U.S. 290, 17 S.Ct. 540, 41 L.Ed. 1007. There is, moreover, the fundamental proposition that all laws are prospective unless otherwise declared in the Act. State ex rel. Homestead Assn. v. Montgomery, 185 La. 777, 171 So. 28.
The foregoing is the only contention I find to merit attention. And since it is without merit, I dissent. By the highly technical and spurious reasoning of the Court's opinion it has repeatedly frustrated *31 the legislative intent to repair the damage wrought by the Sissons decision depriving the people of the local option privilege of regulating traffic in intoxicating beverages.
NOTES
[*] While we reverse the trial court's judgment we must acknowledge the trial court was correct in its determination that Act 325 and part of Act 41 of 1974 are unconstitutional. See our decision in Tolar v. State, 315 So.2d 22 (La.1975). Moreover, if Ordinance 55 of the Police Jury of Red River Parish attempted to invoke local option, that ordinance was, insofar as it made this attempt, unconstitutional. However, even in that case the remainder of the ordinance withdrawing the Parish from the activity of licensing would be severable and therefore enforceable. Our determination is contrary to the trial court only in rationale and not in result.