523 So.2d 904 (1988)
Mattie K. HELLING d/b/a Bobbie's Grocery, Plaintiff-Appellee,
v.
WEBSTER PARISH POLICE JURY, et al., Defendant-Appellant.
No. 19425-CA.
Court of Appeal of Louisiana, Second Circuit.
March 30, 1988.
*905 Henry N. Brown, Jr., Dist. Atty., Benton, for defendant-appellant.
Charles E. McConnell, Asst. Dist. Atty., Minden, for defendant-appellant.
Kitchens, Benton, Kitchens, Bolin & Warren by Paul E. Kitchens, Minden, amicus curiae.
Hamilton & Mayer by David A. Hamilton, Baton Rouge, for plaintiff-appellee.
Before FRED W. JONES, Jr., SEXTON and LINDSAY, JJ.
LINDSAY, Judge.
The defendant, the Webster Parish Police Jury, appealed the decision by the trial court finding invalid a local option election on liquor sales held in Ward One of Webster Parish in 1974. For the following reasons, we reverse the trial court judgment.

FACTS
On October 1, 1974, the Webster Parish Police Jury passed a resolution to hold a local option election concerning the sale of liquor in Ward One of Webster Parish. The following propositions appeared on the ballot:
1. Shall the sale of beverages of low alcoholic content containing more than three and two-tenths percent alcohol by weight, and not more than six percent alcohol by volume, be permitted in Ward One of Webster Parish, Louisiana.
2. Shall the sale of beverages of high alcoholic content, containing more than six percent alcohol by volume for consumption on the premises be permitted in Ward One of Webster Parish, Louisiana.
3. Shall the sale of beverages of high alcoholic content, containing more than six percent alcohol by volume by the package only and not for consumption on the premises be permitted in Ward One of Webster Parish, Louisiana.
4. Shall the sale of beverages containing more than one-half of one percent alcohol by volume but not more than three and two-tenths percent alcohol by weight be permitted in Ward One of Webster Parish, Louisiana.
The first three propositions were placed upon the ballot following submission to the Webster Parish Police Jury of petitions containing the signatures of more than twenty-five percent of the registered voters of Ward One of Webster Parish.
The fourth proposition was placed on the ballot by the sole initiative of the Webster Police Jury. The police jury claimed that 1974 La.Acts, No. 648 granted the police jury the authority to place such a proposition on the ballot on its own initiative without requiring a petition of twenty-five percent of the registered voters in the Ward. La.Acts 1974, No. 648 enacted LSA-R.S. 26:586.1.
The election was held November 23, 1974. All four propositions were defeated in the unincorporated portions of Ward One. The results of the election were promulgated December 3, 1974. On that date, the defendant Police Jury enacted Ordinance 714. This ordinance embodied the election results and prohibited the sale of alcoholic beverages, the consumption of *906 alcoholic beverages on retail business premises and the possession of alcoholic beverages for sale in Ward One of Webster Parish, excluding municipalities. The ordinance defined "alcoholic beverage" as any substance containing more than one-half of one percent alcohol by volume.
On January 6, 1987, the plaintiff, Mattie K. Helling d/b/a Bobbie's Grocery, submitted to the Webster Parish Police Jury an application for a retail alcoholic beverage permit to sell beverages of high and low alcohol content at her place of business located two miles south of Doyline, in Ward One of Webster Parish.
On February 3, 1987, the Webster Parish Police Jury disapproved the plaintiff's application for a liquor license because her "establishment is in an area that was voted dry" and therefore the granting of such a license would be in violation of Ordinance 714.
On February 13, 1987, the plaintiff filed suit against the Webster Parish Police Jury and members of the Police Jury, claiming that Ordinance 714, under which her application for a liquor license was denied, was an absolute nullity. In essence, the plaintiff objects only to the fourth proposition of the 1974 election prohibiting the sale of alcoholic beverages containing not more than 3.2 percent alcohol by weight. The plaintiff claimed that the Webster Parish Police Jury did not have any authority to place this proposition on the ballot on its own initiative. The plaintiff did not attack the other three propositions relating to beverages of high alcohol content, all of which were placed upon the ballot pursuant to a petition of twenty-five percent of the voters in Ward One.
The plaintiff argued that LSA-R.S. 26:586.1, under which the defendant claimed authority to place the fourth proposition on the ballot, was in conflict with LSA-R.S. 26:588, the latter prohibiting bans on the sale of beverages containing 3.2 percent alcohol or less, except in certain enumerated parishes which did not include Webster Parish.
On January 16, 1987, the trial court signed and filed a judgment in favor of the plaintiff, finding that Ordinance 714 of the Webster Parish Police Jury was void insofar as it prohibited the sale of alcoholic beverages containing more than one-half of one percent alcohol by volume but not more than three and two-tenths percent alcohol by weight in Ward One of Webster Parish. The trial court further ordered the Webster Parish Police Jury to immediately issue to the plaintiff a permit to sell such alcoholic beverages in Ward One of Webster Parish.
In reasons for judgment, the trial court stated that under Johnston v. Morehouse Parish Police Jury, 424 So.2d 1053 (La. App.2d Cir.1982), writ denied 427 So.2d 1208 (La.1983), (Johnston I), LSA-R.S. 26:586.1 did not grant authority to all parishes to place on ballots propositions regarding the sale of 3.2 percent alcoholic beverages. The court stated that LSA-R.S. 26:586.1 merely set forth the procedural apparatus for those limited number of parishes who were granted such authority under LSA-R.S. 26:581.1.
Therefore, the trial court, in the present case, declared invalid the 1974 local option election insofar as it prohibited the sale of alcoholic beverages containing more than one-half of one percent alcohol by volume but not more than 3.2 percent alcohol by weight, and declared that Webster Parish Ordinance 714 was invalid as it pertained to 3.2 percent alcoholic beverages.
The trial court denied the defendant's motion for a new trial and the defendant appealed the trial court judgment. The issue before us on appeal is whether the Webster Parish Police Jury had authority in 1974 to place upon the ballot, upon its own initiative, without a petition of twenty-five percent of the registered voters of the Ward, a proposition to prohibit the sale of alcoholic beverages containing more than one-half of one percent alcohol by volume, but not more than 3.2 percent alcohol by weight. For the following reasons, we find that in 1974, the Webster Parish Police Jury did in fact have such authority and that Webster Parish Ordinance 714, prohibiting the sale of 3.2 percent alcoholic beverages, is valid.

*907 VALIDITY OF LOCAL OPTION ELECTION
After a review of the jurisprudence and the statutes applicable to this 1974 local option election dealing with liquor sales, we conclude that the election complained of by the plaintiff was valid.
The state has the ultimate authority to regulate the sale of intoxicants. Political subdivisions of the state possess only such regulatory or prohibitory powers as are expressly delegated to them by the state through statutory enactment. State v. Sissons, 292 So.2d 523 (La.1974). Therefore, in order for the election in this case to be valid, there must be a specific grant of statutory authority to prohibit the sale of these intoxicants.
The statutes controlling local option elections on alcoholic beverages are contained in LSA-R.S. 26:581 et seq. This section of law has undergone numerous revisions and the interplay and effect of the statutes as a whole is often difficult to perceive. However, for purposes of this opinion, we must examine this legislation and the statutes in effect in October, 1974 when the election forming the basis of this complaint occurred.
In 1948, a package of legislation was passed providing for elections in wards, incorporated villages, towns and cities upon the petition of no less than twenty-five percent of the duly qualified electors of the subdivisions to determine whether the business of manufacturing, producing, rectifying, blending, using, storing, distributing and selling intoxicants shall be conducted and licensed therein. 1948 La.Acts, No. 372. The legislation further provided that after the effective date of the act, local option laws would not "apply to the sale of beer containing more than one-half (½) of one per centum of alcohol by volume and not more than three and two-tenths per centum (3.2%) of alcohol by weight."
This legislation was amended over the years, with a substantial amendment to the statutory scheme being made in 1974, just prior to the instant election. We must determine whether, after the 1974 amendments, there was substantive authority in the statutory scheme for the actions taken by the Police Jury in ordering this election on its own initiative.
LSA-R.S. 26:586.1 seems to provide such substantive authority. The preamble to the act indicates that the legislative intent in enacting the statute was to provide for "local option elections to determine whether alcoholic beverages by volume [sic] but not more than one-half of one percent alcohol by volume but not more than three and two-tenths percent alcohol by weight shall be permitted in wards and municipalities," and "to authorize the ordering of such elections". That statute, as it appeared in 1974, provided as follows:
A. In addition to the procedure for calling local option elections by petition of twenty-five percent of the qualified electors residing in any ward or incorporated municipality an election may be ordered to determine whether or not the business of manufacturing, producing, rectifying, distilling, blending, using, storing, distributing and selling alcoholic beverages containing more than one-half of one percent alcohol by volume but not more than three and two-tenths percent alcohol by weight, shall be conducted and licensed therein. Notwithstanding the provisions of R.S. 26:588, the ballot, in addition to the propositions contained in R.S. 26:587, shall contain the following proposition:

"Shall the sale of beverages containing more than one-half of one percent alcohol by volume but not more than three and two-tenths percent alcohol by weight be permitted in .............
 YES ____
 NO ____"
B. This election shall be separately called and held, and the result separately binding for each incorporated municipality, and for the unincorporated balance of the ward. No such election shall be held on a parish wide basis or for any subdivision other than the ones above mentioned.
C. No such election shall be held for the same subdivision oftener than once in every two years.

*908 D. All provisions of this chapter not inconsistent with the provisions of this Section shall be applicable to any local option election ordered upon the initiative of any parish or municipal governing authority. (Emphasis supplied)
It is argued that this statute is contradictory to LSA-R.S. 26:588 which provided that local option elections could not prohibit the sale of 3.2 percent alcoholic beverages.
LSA-R.S. 26:588 was twice amended and reenacted in 1974. La.Acts 1974, Nos. 41 and 325. However, both amendments were declared to be unconstitutional. Tolar v. State of Louisiana, 315 So.2d 22 (La.1975); Patrick's Cafe v. Red River Parish Police Jury, et al, 315 So.2d 27 (La.1975).
An unconstitutional amending statute or ordinance is in reality no law and in legal contemplation is as inoperative as if it had never been passed. Vieux Carre Property Owners and Associates, Inc. v. City of New Orleans, 246 La. 788, 167 So.2d 367 (1964). Therefore, these amendments to LSA-R.S. 26:588 were not valid and the amendments were not incorporated into the statute. The valid statute in effect at the time of this election was LSA-R.S. 26:588, as amended and reenacted by La. Acts 1972, No. 705 § 1, and provides:
Prohibition of the sale of any or all alcoholic beverages by a local option election held pursuant to this chapter shall not operate as a prohibition of the manufacturing, producing, using, distributing, storing, or selling of beverages containing more than one-half of one percent alcohol by volume but not more than three and two-tenths percent alcohol by weight. Provided, however, this section shall not be construed as or have the effect of vitiating or affecting any ordinances adopted prior to 1948 by any political subdivision which prohibited the sale of beverages containing alcohol of more than one-half of one percent by volume; to preserve those ordinances of local subdivisions that prohibited the sale of beverages containing under 3.2 percent alcohol which were adopted prior to and were in effect in 1948; and any court decisions to the contrary are legislatively overruled.
We must attempt to determine how LSA-R.S. 26:586.1 and LSA-R.S. 26:588 interact. We are mindful of the rule that laws are to be construed as a whole, and each part must be given effect where such a result can be reasonably achieved; it cannot be presumed that meaningless clauses and phrases were enacted. Pickering v. City of Baton Rouge, 442 So.2d 522 (La.App. 1st Cir.1983).
We are also mindful of the rule that words used in a statute should be given their ordinary and usual significance. Breaux v. City of Lake Charles, 338 So.2d 1205 (La.App. 3rd Cir.1976).
LSA-R.S. 26:586.1, as enacted in 1974, clearly provides that "notwithstanding" the ban on prohibitions of the sale of 3.2 percent alcoholic beverages contained in LSA-R.S. 26:588, local governing authorities did have the substantive authority to place such propositions on a ballot. The word "notwithstanding" means "despite." Webster's Ninth New Collegiate Dictionary (Merriam-Webster, 1984).
LSA-R.S. 26:586.1, as enacted in 1974, was a later statute than LSA-R.S. 26:588. By enacting LSA-R.S. 26:586.1 the state legislature clearly superseded the earlier prohibition contained in LSA-R.S. 26:588 and gave the defendant in this case the substantive authority to call, on its own initiative, this election to ban sales of 3.2 percent alcoholic beverages. Therefore the election in 1974 was valid and Webster Parish Ordinance 714 is valid.
The plaintiff argues that this construction is invalid based upon Johnston I, supra. However, the reasoning employed in that case cannot be applied to the present facts. In that case, this court dealt with the conflict between these two statutes and reached the conclusion that LSA-R.S. 26:586.1 was a procedural statute which allowed elections dealing with low alcohol beverages only for the twelve parishes enumerated in LSA-R.S. 26:581.1. Even though in that opinion this court purported to determine the legislative intent of the statute as enacted in 1974, the court referred *909 to the 1976 amendment to LSA-R.S. 26:586.1. Section D of the statute, as amended in La.Acts 1976, No. 467 § 1, provided for local option elections only upon request and petition of twenty-five percent of the registered voters living in the political subdivision. Section D of the 1976 statute read as follows:
Any local option election called under the provisions of this Chapter shall only be called upon a petition of twenty-five percent of the registered voters living in the respective political subdivision.
We also find it important to note that at the time this court construed LSA-R.S. 26:581.1 as a substantive grant of power to ban the sale of alcoholic beverages in only certain enumerated parishes, the statute had been declared unconstitutional because it violated the Louisiana constitutional prohibition against local or special laws affecting certain parishes, and because the statute violated the Equal Protection Clause of the state and federal constitutions. Nomey v. State of Louisiana, 315 So.2d 709 (La.1975). Johnston I, which dealt with the validity of an election after the 1976 amendment to LSA-R.S. 26:586.1 did not require this court to construe the substantive grant of power to local governing bodies present in the statute in 1974. Therefore, Johnston, I, which dealt with a substantively different statute and a different factual situation does not support the plaintiff's argument.
In a subsequent case, Johnston v. Morehouse Parish Police Jury, 445 So.2d 485 (La.App. 2d Cir.1984), writ denied 449 So.2d 1344 (La. 1984), (Johnston II), we again considered the validity of a local option election dealing with beverages of low alcohol content. However, the logic employed in that case is also inapplicable to the present case. In Johnston II, the election occurred in 1982, after the repeal of LSA-R.S. 26:581.1 and 588. In that case, we found that LSA-R.S. 26:582 granted substantive authority to political subdivisions to hold local option elections regarding beverages of low alcoholic content following a petition requesting such an election by twenty-five percent of the registered voters of the political subdivision. Because Johnston II dealt with the law after the repeal of LSA-R.S. 26:588, it offers no guidance in resolving the possible conflict between that statute and LSA-R.S. 26:586.1.

CONCLUSION
For the reasons stated above, we are persuaded that under the statutory scheme existing in 1974, LSA-R.S. 26:586.1 was a valid grant of substantive power to the Webster Parish Police Jury to place upon the ballot, upon its own initiative, a proposition concerning the sale of beverages containing a low alcohol content. We find that the election held in 1974 was valid and that ordinance 714 adopted by the defendant in response to the results of that election is a valid ordinance and provides sufficient authority for the defendant to deny a liquor license to the plaintiff in this case. Accordingly, we reverse the decision of the trial court finding the election to be invalid. All costs in this court and in the court below are assessed to the plaintiff.
REVERSED.
SEXTON, J., concurs.