CITY OF NEW ORLEANS *v.* ELIZA COSTELLO.

Assuming that the tax of $250 assessed against every person who boards or rents rooms to lewd and abandoned women is legal, the city authorities might be authorized to impose a penalty upon all persons who should set up the occupation or open a house of the description, without first taking out a license. This would be a mere police regulation.

The corporation, however, exceeds its powers in imposing imprisonment of not less than one calendar month, by the ordinance of March 10th, 1857.

Section 3d of the ordinance authorizing a prosecution before the Recorder, does not violate Article 103 of the Constitution.

The fourth section of the ordinance under which this suit is instituted, as amended by the first section of the ordinance of 27th of March, 1857, does appear to violate sections 103 and 105 of the Act of 1856, pp. 158, 159.

The ninety-second section of the Act of 1855, p. 144, relative to crimes and offences, does not prevent the city from levying a tax upon boarding houses kept for these people, provided they do not license houses of this class.

APPEAL from the Second District Court of New Orleans, *Morgan,* J.
*Laville & Morel,* for plaintiff and appellant. *L. M. Day* and *M. M. Reynolds,* for defendant.

MERRICK, C. J. This suit is instituted to recover of the defendant a tax of $250 assessed under an ordinance of the city of New Orleans of 10th of March, 1857, levying a tax of that amount against every person who boards or rents rooms to lewd and abandoned women.

The defendant excepted, that the ordinance is illegal, unconstitutional and void. Judgment being for the defendant, the city appeals.

We have thought it best in this case, briefly to consider the objections to the ordinance, although a single objection may be decisive of the case.

Assuming that the tax is legal, the city authorities might be authorized to impose a penalty upon all persons who should set up the occupation or open a house of the description without first taking out a license. For such, we think, would be a mere police regulation rendered necessary by the character of the occupants and visitors of the house, and the danger of disturbance of the public peace.

This regulation the city has the power to inforce, by a penalty not exceeding one hundred dollars fine, and in default of payment, by imprisonment not exceeding one month.

But as the ordinance declares that the imprisonment shall not be less than one month, perhaps that and the law together would be construed to mean that the imprisonment shall not be less than thirty days, nor more than one calendar month, but then it might happen that the calendar month in question would be less than thirty days. Hence, whether the month be taken to be either lunar or calendar, the imprisonment exceeds the power of the corporation. See French Penal Code, Art. 40 ; 1 Co. Litt. 135–6 ; 2 Black. 141 ; 4 Kent Com. 94, 95, note ; 1 Bouvier Inst. p. 284 ; United States Dig. vol. 3, No. 30 ; C. C. 2055 ; 6 Term. Rep. 224.

The case of *Municipality No. 1* v. *Pance,* 6 An. 515, is not in point. For the penalty there imposed, was to enforce the collection of a tax. See *Guillotte* v. *City of New Orleans,* 12 An. 432 ; Acts of 1852, p. 48, sec. 22, and 1805, p.

52; Revised Statutes of 1852, p. 112, sec. 29, and p. 114, sec. 35; Revised Statutes, p. 373, sec. 62.

The 3d section of the ordinance authorizing a prosecution before the Recorder, does not violate Article one hundred and three of the Constitution, which requires prosecutions to be by information or indictment, because the same Constitution expressly authorizes the Legislature to vest in the city Recorders such criminal jurisdiction as may be necessary for the punishment of minor offences and crimes, and as the police and good order of this city may require. Art. 124. And this power has been conferred upon the Recorders by express legislation. Act 1856, p. 142, sec. 28; Act 1852, p. 48, sec. 22, and p. 49, sec. 27; Act of 1836, p. 35, sec. 19; Act of 1840, p. 50, sec. 5; and Act of 1820, p. 20, sec. 1; Revised Statutes, 1852, p. 141, sec. 133.

The fourth section of the ordinance under which this suit has been instituted, as amended by the first section of the ordinance of 27th of March, 1857, does appear to violate sections 103 and 105 of the Act of 1856, pp. 158, 159. Because the fourth section of the ordinance is clearly a tax known as a license on a calling, and was (under the law as it then stood) payable in the month of January, and must expire the 31st day of December of each year.

This section is as follows :

" Sec. 4. Be it ordained; &c.; That an *annual* license tax of one hundred dollars be, and the same is hereby levied upon each and every woman or girl notoriously abandoned to lewdness, occupying, inhabiting, or living in any house, building or room within the limits prescribed in the first section of this ordinance, but not in contravention thereof, and an annual tax of two hundred and fifty dollars upon each and every person keeping any house, room or dwelling for the purpose of renting rooms to, or boarding lewd and abandoned women, which said tax shall be payable *in advance* on the first day of April of each year."

Now, as the ordinance makes the annual tax payable in advance, on the first day of April of each year, the license is continued by implication to the first day of April, and the portion of the ordinance under consideration is in contravention of the Act of the Legislature, and so far void. See Acts 1858, p. 1.

The case might have been different, perhaps, if the ordinance had simply levied a tax for the year 1857, leaving the license to expire December 31st of that year, instead of prescribing regulations different from the statute.

The 92d section of the Act of 1855, p. 144, relative to crimes and offences, does not prevent the city from levying a tax upon boarding-houses kept for these people, provided they do not license disorderly houses of this class.

And, because the calling is subject to taxation, it by no means follows, that a house kept for this class of people shall be subject to the same tax as other boarding-houses, merely because the city ordinance calls the house a boarding-house for lewd and abandoned women, instead of using the true or another name for the establishment. We can discover no reason why such establishments should be classed with respectable boarding-houses, and subjected to a tax uniform with them.

We do not perceive in what particulars sections 11 and 14 of the ordinance are in conflict with the Constitution of the United States. See 12 An., p. 434.

Judgment affirmed.