(35 South. 727.)

No. 15,058.

### CITY OF SHREVEPORT v. P. DRAISS & CO.

(Jan. 4, 1904.)

INTOXICATING LIQUORS—LICENSES—PROHIBITING SALE—VIOLATION OF ORDINANCE.

1. Where no power is delegated to a municipal corporation authorizing it to forbid the sale of intoxicating liquors, it cannot issue licenses to liquor dealers subject to forfeiture.

2. The municipality of the city of Shreveport is not vested with authority to prohibit entirely the sale of liquor. There has been no election held in that city or in the parish of Caddo under the local option law to determine whether intoxicants should or should not be sold.

3. The council has power to enforce obedience to ordinances by fine not exceeding $100 and imprisonment not exceeding 10 days. Without statutory enactment to that end, it cannot pass an ordinance imposing an additional penalty.

4. Forfeiture of the license would be an additional penalty. It cannot be legally enforced.

(Syllabus by the Court.)

Appeal from First Judicial District Court, Parish of Caddo; Alfred Dillingham Land, Judge.

Action by city of Shreveport against P. Draiss & Co. Judgment for defendants, and plaintiff appeals. Affirmed.

Ruffin Golson Pleasant, City Atty., for appellant. Alexander & Wilkinson, Hansell Pinkney Wells, Jr., and M. C. Elstner, for appellees.

BREAUX, J. This is an action on the part of the plaintiff to have a license forfeited or revoked which she had issued to the defendant to carry on the business of retailing spirituous liquors for the year 1903.

The record informs us that the city of Shreveport inserted in an ordinance a stipulation for forfeiture of the license issued, upon conviction of licensee or his employé of violation of the Sunday law.

Defendant paid $500 for his license, subject to the provision of the ordinance, to which we have just referred, contained in its section 25.

Defendant expressed objection to the provision of that section. He none the less took out a license in January, 1903, and in the following February his employé, Ed. Fox, was tried in the city court of Shreveport for unlawfully opening the saloon, known as the "Big Casino Saloon," of defendant, on a Sunday of that month, and for selling beer. It appears that defendant was aware that Fox, his employé, opened his saloon and sold beer on Sunday, and acquiesced in the sale at the time.

The question of the legality and constitutionality of the city ordinance is before us for decision, and the question of the legality of the forfeiture of defendant's license. The defendant especially attacks the ordinance on the ground that the council had no power

delegated to it under its charter to pass such an ordinance; that it was, in consequence, ultra vires—an attempt to divest him of a right without due process of law and to impose an additional penalty.

The forfeiture claimed by plaintiff is beyond the power of the corporation.

We do not criticise the proposition pressed upon our attention that, where the power is delegated to a municipal corporation to forbid the sale of intoxicating liquors, it may grant the privilege of selling liquors on terms and conditions it chooses to impose, and that then it has the power claimed for it to impose the additional condition that a license shall be subject to recall on violation of any statute or ordinance relating to liquor traffic; that the municipality could then, as it were, exercise a sort of resolutory condition.

The facts are different. The question does not fall within the terms of the proposition just expressed. The negative of the proposition fits the issue, as rendered evident by the following statement; that is, where the power is not delegated to a municipal corporation to prohibit entirely the sale of intoxicating liquors, or to regulate or license the sale at discretion, it cannot grant the privilege of selling liquors on terms and conditions it chooses, including the power to impose as a condition that the license shall be revocable for violation of ordinances relating to the liquor business.

The municipality of the city of Shreveport is not vested with the authority of prohibiting the sale of liquor entirely, nor of regulating its sale as it pleases.

There never was any election held under the local option law to have it determined whether intoxicating liquors should or should not be sold within its limits, and the present statute has not conferred the power upon it of regulating the business of selling liquors as it may choose to do. It is true that the council has full power to pass such ordinances as are proper in regulating shops for retailing liquors, and to impose regulations and duties upon persons keeping these shops, as they may deem proper and necessary.

The city under charter power to fine, including methods for its enforcement, will not be permitted to issue a license on condition of forfeiture for violation of the regulation ordinance.

The additional penalty, forfeiture of the license, does not fall within its expressed or implied powers.

The council has powers to enforce obedience to its ordinance by fine not exceeding $100 and imprisonment not exceeding 10 days. This is the limit of its authority. Without statutory enactment to that end, it cannot pass an ordinance imposing an additional penalty; in other words, a corporation cannot impose a forfeiture without express authority. It would be an additional penalty if, after having paid the fine, a license were forfeited, which would be as much felt as if one's stock in trade were taken from him. It cannot be gainsaid that, as contended, plaintiff has full power to enact ordinances regulating the sale of intoxicating liquors. But the power to regulate the sale does not include the power to abolish the sale altogether. It does not lie in the council's authority. It requires the authority of the qualified voters of the city or parish. The question of regulating the sale of alcoholic or spirituous liquors does not fall within the police power of the city to the extent of authorizing it to revoke its own license on cause which has given ground to punish to the full limit of the charter, as relates to absolute prohibition where the qualified voters have secured that power by an election. The power is vested in the municipality after the required vote to that end, under Act 221 of 1902, p. 451, known as the "Local Option Law," and not prior to any election.

The defendant had acquired a right of which he cannot be divested without special statutory provision to that end. As a licensee he cannot be divested of this right without some cause pointed out by statute. After he had paid the penalty, there remained no cause for which, under the law, he could be charged.

The modern idea, to some extent, is that license is not a contract; that it does not confer a vested right in the licensee; that it is not property; and that, in consequence, the state may, in the exercise of its public power, revoke it. We are not concerned with the power of the state in furtherance of that idea.

The license, as we construe the law, was not a temporary permit of the city. It was a license which, under the law, could not be

revoked by the city, although it was possible to punish the licensee for any offense against the general law. In Board of Excise v. Barrie, 34 N. Y. 659, referred to by plaintiff's counsel, it was decided that the police powers, as relates to the licenses, are subject to the direction of the state government, "which may modify, revoke, or continue them as it may deem fit."

We will not stop to consider that question from that point of view. It suffices to say that we are dealing with the power vested in a municipality.

As relates to the municipality, it does not follow that the power to grant a license implies the power to revoke or cancel it. There must be a legal cause shown, arising under a statute delegating the power.

The municipality has no power to prohibit, and without that power it cannot prevent one from engaging in the business, on the ground of the forfeiture of his license, where the forfeiture has nothing in the way of enactment upon which to stand.

Mr. Dillon refers to Heise v. Columbia, 6 Rich. Law, 404, in which it appears "that special authority was given to municipal corporations to grant licenses to retail liquor. The council, in addition to the fine, imposed the forfeiture of a license, an authority which it did not have, as it was not expressed in its charter. In fine, whatever power the state may have in the premises, the municipality does not possess that of forfeiture without charter provision."

"Corporations derive all their power from charter or act of the Legislature. The right to inflict a forfeiture must be plainly given, and cannot be derived from usage." Dillon (3d Ed.) § 345.

In Tiedeman on Municipal Corporations, § 155, a similar view is taken of the subject, and it is not deemed that, where a license was granted and paid for, the power remained in the municipality to withdraw the license without a delegation of power by the Legislature.

The state, it seems to us, may insist upon uniformity in matter of the forfeiture of licenses in which she has an interest by declining to delegate authority to one or more municipalities to forfeit licenses.

It may be, as held in Bonnell v. State ex rel. Kelley (Ind.) 21 N. E. 1101, that a license may be changed, or even annulled, by the supreme legislative power of the state, whenever the public welfare demands it; not, however, by a subordinate municipality of its motion without special authority.

We quote another passage from the same cited decision which has application: "As the power to grant, withhold, or annul licenses to sell liquors is an exercise of the police power, it follows that no limitation can be placed upon its exercise by any statutory provisions."

Provision is nowhere found in the statutes in the case before us for decision.

Our system of laws, both organic and legislative, does not readily give sanction to the exercise of the right to forfeit when attempted to be exercised by municipal corporations. The tendency has been heretofore to hold the municipalities bound by the terms of their charter. We adhere to the ruling in that direction.

We leave the subject convinced that there must be a statute authorizing the revocation of licenses in order that it may be done.

The power must be expressly given, or there is absence of those legal methods which the organic law strongly and clearly ordains under the advice of great thinkers whose opinions have come down to us.

The subject of necessity of express power has received the attention, among others, of Lord Mansfield and Justice Miller, referred to by Mr. Smith in his rewritten edition of Beach, entitled "The Modern Law of Municipal Corporations." To one inclined to pursue the subject further, interesting text will be found in Smith and in his notes and citations.

By reason of the law and the evidence being in favor of defendant, the judgment of the district court is affirmed.

LAND, J., recused.