156 So. 211

**TOWN OF WATERPROOF v. TOWLES et al.**

No. 32859.

July 2, 1934.

Hugh Tullis, of Vidalia, for appellants.

Snyder & Sevier, of Tallulah, for appellee.

William Boizelle, of New Orleans, amicus curiæ.

O'NIELL, Chief Justice.

■ The appellants were convicted of a violation of Ordinance No. 83 of the town of Waterproof, by selling whiskey without having paid the license tax or fee required by the ordinance. They pleaded that the ordinance was illegal, for several reasons which they specified; one of which reasons was sufficient, in our opinion, to sustain the plea, which the mayor overruled, viz.: That the penalty prescribed by the ordinance for a violation thereof exceeded the penalty which the law allowed the municipality to impose for a violation of any ordinance of the municipality. The penalty prescribed by this ordinance is a fine not exceeding $250 or imprisonment for a term not exceeding 120 days, or both the fine and imprisonment, within these limits, at the discretion of the court. The town of Waterproof is governed by Act No. 136 of 1898, which is the uniform charter for municipalities of certain classes; the 31st paragraph of the 15th section of which act, as amended by Act No. 231 of 1924, p. 457, declares that municipalities governed by the act may enforce their ordinances by a fine not exceeding $100 or imprisonment for a term not exceeding 30 days, or by both the fine and the imprisonment. It is well settled that a municipal ordinance which prescribes for a violation thereof a penalty beyond the limits fixed by statute is not a valid ordinance. Dillon on Municipal Corporations (5th Ed.) vol. II, §§ 611–616, pp. 953–956; 43 C. J. § 274, p. 264; City of New Orleans v. Costello, 14 La. Ann. 37; State v. Voss, 49 La. Ann. 444, 21 So. 596, 62 Am. St. Rep. 653; City of Shreveport v. P. Draiss & Co., 111 La. 511, 35 So. 727.

■ In this case the sentence pronounced upon each of the defendants was a fine of $100, or, in default of the payment thereof with the costs of the prosecution, imprisonment for 30 days. The sentence therefore did not exceed the limits which the ordinance might have prescribed. But where the ordinance itself is invalid because it prescribes a penalty greater than the statute or municipal charter allows, a conviction for a violation of the invalid ordinance cannot be made valid by the judge's pronouncing a sentence within the limits of the statute or charter.

■ It is argued for the town of Waterproof that the jurisdiction of this court extends only to the question of constitutionality of the ordinance, in a case like this, where the penalty imposed is neither a fine exceeding $300 nor imprisonment for a term exceeding 6 months. Ordinarily, that is the limitation upon the appellate jurisdiction of this court in criminal cases; but, with regard to prosecutions for violations of municipal ordinances, the ap-

pellate jurisdiction of this court is conferred by the provision in the 5th paragraph of the 10th section of article 7 of the Constitution, viz.: "It shall have appellate jurisdiction in all cases * * * where the legality, constitutionality of any fine * * * or penalty imposed by a * * * municipal corporation * * * shall be in contest, whatever may be the amount thereof." In such cases, where the penalty itself would not confer appellate jurisdiction upon this court, the appellate jurisdiction of the court extends only to questions of constitutionality or legality of the ordinance, and not to questions of regularity or legality of the trial or proceedings had.

Our conclusion is that the ordinance under which the defendants were prosecuted is illegal, for the reason which we have stated. Hence it is not necessary to consider the other reasons for which the defendants contend that the ordinance is illegal.

The convictions and sentences appealed from are annulled.