CULPEPPER, Judge.
The Commission On Alcoholic Beverage Control of the State of Louisiana denied plaintiff’s application for a permit to sell beer. On review by the district court, under LSA-R.S. 26:104, the judge granted plaintiff only a partial permit. Plaintiff appealed.
Essentially, plaintiff contends a 1941 ward local option ordinance, adopted under the 1937 statute permitting prohibition of all alcoholic beverages, was repealed in its entirety by the Revised Statutes of 1950. Defendant contends the ordinance remains *340 in effect, except as to beverages the sale of which cannot be prohibited under the 1950 statutes.
The facts were stipulated by the parties as follows:
“1.
Petitioner CLYDE HARPER made application on August 6, 1974 to the State of Louisiana to obtain a Class ‘B’ Retail Package License to sell beverages of low alcoholic content in an area outside of the municipal limits of any incorporated town, village or city in the geographic area of Ward 2 of Natchitoches Parish, Louisiana.
2.
In a written notice dated September 11, 1974, the Louisiana Department of Public Safety, Commission on Alcoholic Beverage Control, advised petitioner that no permit would be issued. This notice assigned La.R.S. 26:272(1) and Act 325 of the 1974 Legislature as the legal basis for not issuing petitioner the license. Petitioner possesses no personal or individual disqualification to obtain a permit to sell beverages of low alcoholic content.
3.
Petitioner Clyde Harper seeks license authority, to sell at retail, in package form, alcoholic beverages having a content of U/2% alcohol by volume and not more than 3.2% alcohol by weight and those alcoholic beverages having an alcoholic content not exceeding 6% alcoholic content by volume.
4.
A prohibition election was conducted in Ward 2 of Natchitoches Parish pursuant to the provisions of Act 17 of the first extra session of the Louisiana Legislature of 1935. This election was held on August 19, 1941 and subsequent to the promulgation of the terms of this election in August of 1941 the Police Jury of Natchitoches Parish passed an ordinance prohibiting the sale, the keeping for sale, manufacture and distribution of all intoxicating liquors in Ward 2. A certified copy of the call, promulgation, and ordinance are attached to this stipulation.”
Act 17 of the First Extraordinary Session of 1935 authorized the exercise of local option by parishes, wards and municipalities. These subdivisions could prohibit beverages with an alcoholic content between % of 1% and 6% by volume or those with alcoholic content greater than 6% or both. The Act also authorized parishes and municipalities to prescribe penalties for the violation of the ordinances adopted under the Act. The penalties were not to exceed a fine of $500 or imprisonment for six months or both.
Pursuant to the authority of Act 17, a local option election was held in Ward 2 on August 19, 1941. After promulgation of the election results, the Natchitoches Parish Police Jury adopted an ordinance effective October 20, 1941 prohibiting the “sale, keeping for sale, manufacture and distribution of intoxicating liquors” in Ward 2.
On October 5, 1943, a similar election was held on a parish-wide basis. Pursuant to the results of that election, the Police Jury enacted a parish-wide ordinance effective January 1, 1944 prohibiting “the sale or keeping for sale, of intoxicating liquors of more than % of 1% of alcohol by volume.”
Act 372 of 1948 amended the local option law authorizing wards, incorporated villages, towns and cities to conduct local option elections. The effect of local option prohibition was limited and did not ban beverages containing alcoholic content of more than % of 1% by volume,but not more than 3.2% by weight. Section 17 of the Act repealed all laws on the same sub *341 ject matter and those in conflict therewith, saving local ordinances adopted prior to the Act.
Section 2 of Act 2 of the Extraordinary-Session of 1950 repealed Act 372 of 1948, and local option laws were enacted as La. R.S. 26:581-26:595. The savings clause in Act 372 of 1948, Section 17, was deleted.
R.S. 26:581-26:595 permits the exercise of local options by any ward or incorporated municipality. Under Section 588 of the Act, local prohibition does not affect beverages containing more than % of 1% by volume and not more than 3.2% of alcohol by weight. The exercise of local option on a parish-wide basis is expressly prohibited and the penalties for violation of a prohibition ordinance may not exceed a fine of $100 or imprisonment for 30 days or both.
Section 588 of Title 26 of the Revised Statutes of 1950 was amended by Act 705 of 1972 to read as follows:
“Be it enacted by the Legislature of Louisiana:
“Section 1. Section 588 of Title 26 of the Louisiana Revised Statutes of 1950 is hereby amended and reenacted to read as follows:
“§ 588. Beverages under 3.2% alcohol may not be prohibited
“Prohibition of the sale of any or all alcoholic beverages by a local option election held pursuant to this chapter shall not operate as a prohibition of the manufacturing, producing, using, distributing, storing, or selling of beverages containing more than one-half of one percent alcohol by volume but not more than three and two-tenths percent alcohol by weight. Provided, however, this section shall not be construed as or have the effect of vitiating or affecting any ordinances adopted prior to 1948 by any political subdivision which prohibited the sale of beverages containing alcohol of more than one-half of one percent by volume; to preserve those ordinances of local subdivisions that prohibited the sale of beverages containing under 3.2 percent alcohol which were adopted prior to and were in effect in 1948, and any court decisions to the contrary are legislatively overruled.”'
Nevertheless, in State v. Sissons, La., 292 So.2d 523 (1974) our Supreme Court, with three justices dissenting, held Act 705 of 1972 ineffective as a legislative attempt to interpret laws. That case involved a criminal prosecution for selling whiskey in violation of a parish-wide local option ordinance. The narrow holding of Sissons is as follows:
“A statute which imposes criminal sanctions is to be strictly construed. Sevin v. Louisiana Wildlife and Fisheries Commission, 283 So.2d 690 (La.1973); State v. Gauthier, 263 La. 678, 269 So.2d 204 (1972).
“R.S. 1:16 lists with specificity the types of prior governmental actions intended to be preserved: established departments, agencies, offices, funds, judicial proceedings commenced, penalties incurred or imposed. In light of this detail and under a rule of strict construction, the failure to list ordinances in the statute is fatal. The statute does not by its terms nor proper construction include ordinances such as that before us now.
“We find that R.S. 1:16 does not operate to save a criminal ordinance which exceeds the current delegation of power from the legislature. The ordinance is invalid. Not only does it regulate and punish in excess of that permitted by statute, but it also is an exercise of local option on a parishwide basis which is no longer authorized by law.”
In State v. Wright, La., 305 So.2d 406 (1974) the court, with three justices dissenting, followed Sissons in a case also involving criminal violation of a parish-wide ordinance.
Act 325 of 1974 again amends LSA-R.S. 26:588 and uses even stronger language to *342 preserve local option ordinances adopted before 1948.
Plaintiff relies on the Sissons and Wright cases to support his position that the 1941 ordinance passed by the Natchi-toches Parish Police Jury is invalid in its entirety. Counsel for defendants argues that Sissons and Wright involved criminal prosecutions, the central issue being the validity of imposing criminal penalties upon conviction of a violation of a parish-wide ordinance. He characterizes the present matter as a civil suit to force the issuance of a permit to sell beverages of certain alcoholic content, having as its central issue the validity of the local option election itself.
The trial judge held that the 1944 parish-wide ordinance did not repeal the 1941 ward ordinance. The 1944 ordinance repealed “all ordinances or parts of ordinances in conflict herewith.” Both ordinances are essentially the same in that they prohibit the sale of all alcoholic beverages in Ward 2. We find no error in the holding of the trial judge that the two ordinances do not conflict with each other.
The court in Sissons and Wright stressed the rule of strict construction of criminal penalties. It held the criminal penalties grossly exceeded those allowed by R.S. 26:595. We are not faced here with the problem of excessive criminal penalties. The present case involves a civil proceeding to decide whether plaintiff must be issued a permit to sell certain alcoholic beverages, Here, we are dealing with the validity of the 1941 local option election itself. The rule here is not one of strict construction. Instead, the rule is that laws should be liberally construed to accomplish the will of the electorate. We find Sissons and Wright are distinguished.
For the reasons assigned, the judgment appealed is affirmed. All costs in the trial and appellate courts are assessed against the plaintiff appellant.
Affirmed.