PER CURIAM.
Appellant was found guilty by a jury of the crimes of manslaughter' and assault with intent to commit first degree murder. She was sentenced to serve concurrent terms of imprisonment for ten (10) years.
As her first two points on appeal, appellant attacks (a) the failure of the trial court to grant her access to the master grand jury list; to issue subpoenas in order to depose persons on the list; and to grant an evidentiary hearing on her grand jury challenge; and (b) the constitutionality of Florida Statutes, Chapter 57-550 and 70-1000, Laws of Florida, in that they permit circuit court judges, acting as grand jury commissioners, to rule on the constitutionality of the selection of the members of the grand jury.
Our scrutiny of the record and the briefs fails to demonstrate reversible error under these two points. See, Seay v. State, Fla. 1974, 286 So.2d 532; Rojas v. State, Fla. 1974, 288 So.2d 234; Dykman v. State, Fla. 1973, 294 So.2d 633.
*40 Next, appellant asserts that the court erred by failing to grant her motion for a judgment of acquittal upon one (or the other) of the two charges against-her.
Closely connected to this point is the appellant’s fourth point that the court charged the jury on two crimes which were inconsistent and incompatible; and, therefore, the charges were confusing.
Appellant was charged with second-degree murder of her husband, Raul Calvo, and assault with intent to commit first degree murder of one, Mrs. Yara Machado.
The evidence at trial indicated that it was the appellant’s actual intent to kill Mrs. Machado, not her husband. However, the automobile in which she was driving only struck Mrs. Machado a glancing blow, while pinning the victim, Raul Calvo, against the wall of a building, resulting in his death.
Therefore, appellant argues that appellant’s intent to kill Mrs. Machado is transferred to her husband, and it would be legally impossible for her to be guilty of second degree murder. Compare, Lee v. State, Fla.1962, 141 So.2d 257; Pinder v. State, 1891, 27 Fla. 370, 8 So. 837; Coston v. State, 1939, 139 Fla. 250, 190 So. 520.
We find this reasoning lacking in substantial merit. In effect, appellant is arguing that the court should have instructed the jury that she could be found guilty of first degree, not second degree, murder of her husband.
Further, appellant contends that she was entitled to be acquitted because the state undercharged her for second degree murder, instead of first degree murder.
It is our conclusion that if any error was committed, the error benefitted the appellant, and, therefore, we hold it was harmless. Fla.Stat. § 924.33, F.S.A.
For the reasons stated, the judgment and sentence appealed are affirmed.
Affirmed.