328 So.2d 669 (1976)
Clyde E. HARPER, Plaintiff-Appellant-Relator,
v.
STATE of Louisiana, DEPARTMENT OF REVENUE, and Commission on Alcoholic Beverage Control, et al., Defendants-Appellees-Respondents.
No. 56549.
Supreme Court of Louisiana.
February 23, 1976.
Dissenting Opinion March 31, 1976.
C. R. Whitehead, Jr., Whitehead & Mc-Coy, Natchitoches, plaintiff-applicant.
Robert L. Roshto, Commission on Alcoholic Beverage Control, Baton Rouge, for defendants-respondents.
TATE, Justice.
The plaintiff Harper's application for a retail beer permit was denied. By these proceedings, he seeks judicial review of the administrative denial of his application. La.R.S. 26:104. The district and intermediate courts upheld the denial. 313 So.2d 39 (La.App.3d Cir. 1975).
The application for a permit was denied because of a parish prohibition ordinance adopted in 1941 as authorized by a localoption election. La.R.S. 26:272, subd. A (1) authorizes denial of a permit in any subdivision "wherein that business has been prohibited by a local-option election." *670 Due to a 1950 change in state law (see below), the prohibitory ordinance adopted as a result of the local-option election[1] is now invalid. We granted certiorari, 317 So.2d 625 (1975), to consider the holding of the previous courts herein that, nevertheless, such an ordinance may be held partially valid so as to justify withholding retail beer permits, despite its admitted invalidity for purposes of criminal punishment for violations thereof.
The ordinance in question was adopted in 1941 and prohibited the sale of all intoxicating beverages in Ward Two of the parish. It was enacted by the governing party to effectuate the result of a wardwide local-option election to such effect held earlier in the year. The election and ordinance were valid under state statutes then in effect.
However, by reason of 1950 legislation, local-option elections or ordinances can no longer prohibit selling of beverages containing less than 3.2% alcohol by weight. La.R.S. 26:588 (1950); State v. Sissons, 292 So.2d 523 (La.1974). Under Sissons and succeeding jurisprudence, therefore, the ordinance was invalid in its prohibition of the sale of beverages of any alcoholic content (i.e., of more than ½ by volume).
Essentially, the plaintiff contends that the 1941 ward prohibition ordinance was totally invalidated by the 1950 state legislation. On the other hand, the defendant agency contends that the ordinance (prohibiting the sale of all intoxicating beverages) can be judicially revised so as to remain partially in effect by limiting its prohibition so as to apply against the sale only of beverages containing more than 3.2% alcohol.
In State v. Sissons, 292 So.2d 523 (La.1974), we held that local-option ordinances in conflict with the 1950 state law were invalid. We stated, 292 So.2d 525-26:
"The power to regulate traffic in alcoholic beverages is vested in the State and the legislature may delegate such power to political subdivisions of the state. See State v. Emerson, 197 La. 783, 2 So.2d 212 (1941); State v. Gardner, 198 La. 861, 5 So.2d 132 (1941). However, by so delegating the State does not surrender its power and the legislature can at any time alter or recall the delegated power. State v. Gardner, supra; State v. City of New Orleans, 151 La. 24, 91 So. 533 (1922). Generally, a police regulation of a subdivision of the State enacted pursuant to authority delegated by the State cannot exceed the grant of authority and must fall when it conflicts with State law. See La.Const. Art. 14, § 40(d) (1921). Cf. City of Alexandria v. La Combe, 220 La. 618, 57 So.2d 206 (1952); State v. Bradford, 220 La. 176, 56 So.2d 145 (1951)."
In striking down the Sissons ordinance, we noted that it was invalid as exceeding the legislative delegation of power because, inter alia, it purported "to prohibit beverages with an alcoholic content which by the terms of R.S. 26:588 may not be regulated by local prohibition." 292 So.2d 526.
We have consistently thereafter adhered to Sissons: Tolar v. State, 315 So.2d 22 (La.1975); Patrick's Cafe, Inc. v. Red River Parish Police Jury, 315 So.2d 27 (La.1975); Williams and Chandler v. State, Department of Revenue, 315 So.2d 31 (La.1975); State v. Wright, 305 So.2d 406 (La.1974).
In the present case, the previous courts distinguished Sissons and Wright as involving criminal penalties and the rule of strict construction in connection therewith. They were of the opinion that, in civil proceedings, *671 a rule of liberal construction would permit partial validation of the 1941 local-option election and ordinance. They therefore held that, although the ordinance was invalid in the prohibition of the sale of all alcoholic beverages, it could be construed for civil licensing purposes as permitting prohibition of the sale of alcoholic beverages of more than 3.2% alcohol, i.e., as prohibiting only beverages which by the 1950 statute could be thereafter prohibited by local-option election and ordinance.
We are unable to find jurisprudential support for the holding that the local-option ordinance, invalid because of conflict with state law, can nevertheless serve as a basis for the denial of permits to sell beer, even though admittedly invalid as a basis for criminal prosecution for violation thereof. The local-option ordinance which prohibited the sale of any alcoholic beverage is invalid because, as enacted, the ordinance is no longer authorized by state law. If the prohibitory ordinance is indeed invalid, the denial of a license to pursue a (thus) non-prohibited retail occupation cannot be based on the invalid prohibitory ordinance.
Actually, subsequent to the intermediate decision in the present case, we rendered decisions in Tolar, Patrick's Cafe, Williams, and Chandler, cited above, the effect of which was to order issuance of licenses, as not barred by Sissons-invalidated ordinances.
We are thus unable to accede to the persuasive suggestions of our brethren of the previous courts that we construe the intended total prohibition expressed by the ordinance as now providing a lesser prohibition of only such beverages as local ordinances are now statutorily authorized to prohibit. To hold that ordinance to possess such different meaning, despite its express terms to the contrary, is to enact a new ordinance rather than to construe an old.
The local governing body and the people of the area may, of course, do so after valid election and enactment. For the courts so to re-write the express words of the ordinance, is a judicial amendment of it not authorized by traditional principles of statutory interpretation:
A court cannot re-draft and re-enact an ordinance invalid as inconsistent with state law, by judicially limiting the application of its express terms to consistency with the state statute. Town of Waterproof v. Towles, 180 La. 168, 156 So. 211 (1934). See also 2 Sutherland on Statutory Construction Sections, 44.14-44.17 (4th ed., Sands; 1973). Under general principles of statutory construction, legislation cannot be partially validated by finding separable its valid from its invalid provisions, except when the valid portions of the enactment are independent of the invalid portions. Louisiana State Department of Agriculture v. Sibille, 207 La. 877, 22 So.2d 202 (1945); Womack v. Varnado, 204 La. 1019, 16 So.2d 825 (1943). See 2 Sutherland on Statutory Construction, Section 44.04, see also Section 44.01 (4th ed., Sands; 1973).
Accordingly, for the reasons assigned, we hold that the petitioner cannot be denied, by reason of the invalid 1941 local-option ordinance, a permit to sell alcoholic beverages in a retail beer outlet, in accordance with his application to the state agency. We therefore reverse the judgments below and remand this case to the district court for further proceedings consistent with the views herein expressed.
Reversed and remanded.
SANDERS, C.J., dissents, being of the opinion that the judgment of the Court of Appeal is correct. See 313 So.2d 339.
SUMMERS, J., dissents and will assign reasons.
SUMMERS, Justice (dissenting).
I dissent for the reasons assigned by the Court of Appeal. See 313 So.2d 339.
NOTES
[1] Under the statute, the prohibition of the sale of intoxicants results, not from the election itself, but from the subsequent local prohibitory ordinance which the governing body is required to enact to give effect to the result of the election. La.R.S. 26:595; Perot v. Police Jury of Natchitoches Parish, 208 La. 1, 22 So.2d 666 (1945).