421 So.2d 955 (1982)
RAPIDES MERCHANTS ASSOCIATION, et al., Plaintiffs-Appellants,
v.
RAPIDES PARISH POLICE JURY and Marshall T. Cappel, Sheriff, Defendants-Appellees.
No. 82-210.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1982.
Rehearing Denied December 2, 1982.
Writs Denied February 4, 1983.
Chris J. Roy, Alexandria, for plaintiffs-appellants.
Edwin O. Ware and Gus Voltz, Jr., Dan E. Melichar, Alexandria, Oliver Williams, Baton Rouge, for defendant-appellee.
Before DOMENGEAUX, DOUCET and YELVERTON, JJ.
DOMENGEAUX, Judge.
This case was consolidated on appeal with that of Rapides Merchants Association, et al. v. Rapides Parish Police Jury, 421 So.2d 953 (La.App. 3rd Cir.1982) (our docket *956 number 8853)[1], and as the law and relevant facts are common to both suits, our opinion herein, where appropriate, is equally applicable to each. Additionally, we render a separate judgment in the consolidated case.
Plaintiffs, Thomas O'Neal, Ben Givens, Pauline Givens, and Raymond Folse, individually and as members of the Rapides Parish Merchants Association, and the said Rapides Parish Merchants Association, instituted this action for a declaratory judgment and for injunctive relief against defendants, Rapides Parish Police Jury and Marshall T. Cappel, Sheriff of Rapides Parish. The petitioners seek a judgment decreeing local option elections held in Wards 9, 10, and 11 of Rapides Parish on October 17, 1981, and an ordinance (Ordinance X) adopted by the Rapides Parish Police Jury pursuant to those elections, to be declared illegal, null, void, and unenforceable. They also prayed for judgment enjoining the Sheriff of Rapides Parish and his agents or employees from enforcing Ordinance X.
Defendants filed exceptions of lis pendens and no right of action. Defendants' exception of lis pendens was sustained in part by the trial court insofar as allegations of the present suit reiterates allegations raised in suit number 8853. The exception of no right of action was referred to the merits.
After trial of the rule directing the Sheriff to show cause why a preliminary injunction should not be granted, judgment was rendered by the trial judge rejecting plaintiff's demands for such an injunction.[2] The plaintiffs appealed.
The substantial issues presented in this suit on appeal are:
1. Does the Rapides Parish Police Jury have the authority to restrict the sale, manufacturing, producing, etc., of beverages containing 3.2 percent alcohol by weight and less?
2. Is Ordinance X consonant with the proposition submitted to the electorate?

FACTS
After having been properly presented with a petition to call local option elections under La.R.S. 26:582 et seq., the Rapides Parish Police Jury called elections in Wards 9, 10, and 11 of the parish for October 17, 1981. The City of Pineville is located in part in Ward 9 of Rapides Parish. The Ward extends outside of the incorporated limits of the City, and the City also extends into Ward 10 of Rapides Parish. Ward 11 is rural. La.R.S. 26:582 generally provides that in this situation the result of the election shall be binding upon both the incorporated and unincorporated parts of the Ward. In other words, the results are counted and tabulated separately, and this is true for each proposition.
Four propositions were submitted and the results separately tabulated for the areas outside incorporated municipalities and the areas inside municipalities. The propositions read as follows:
"PROPOSITION NO. 1
Shall the sale of beverages of low alcoholic content containing more than three and two-tenths percent alcohol by weight and not more than six percent alcohol by volume be permitted in Ward Nine, Rapides Parish, Louisiana?
PROPOSITION NO. 2
Shall the sale of beverages containing more than one-half of one percent alcohol by volume, but not more than three and two-tenths percent alcohol by weight be permitted in Ward Nine, Rapides Parish, Louisiana?
PROPOSITION NO. 3
Shall the sale of beverages of high alcoholic content containing more than six percent alcohol by volume for consumption *957 on the premises be permitted in Ward Nine, Rapides Parish, Louisiana?
PROPOSITION NO. 4
Shall the sale of beverages of high alcoholic content containing more than six percent alcohol by volume be permitted by package only and not for consumption on the premises in Ward Nine, Rapides Parish, Louisiana?"
All propositions failed except the proposition permitting the sale of beverages containing more than 3.2 percent alcohol by weight, but not more than 6 percent alcohol by volume (Proposition No. 1) passed in that area of Ward 9 which is outside of the city limits of Pineville.
On October 27, 1981, the Police Jury met and promulgated the results of the election. Subsequently, on December 15, 1981, the Police Jury met and, pursuant to the previous election, enacted Ordinance X the pertinent provisions of which state as follows:
"Section 4. The sale of beverages of low alcoholic content containing more than one-half of one percent alcohol by volume but not more than three and two tenths percent alcohol by weight and the sale of beverages of high alcoholic content containing more than six percent alcohol by volume, whether for sale for consumption on the premises or by package is prohibited in Ward Nine outside the corporate limits of Pineville, Rapides Parish, Louisiana.
Section 5. The sale of beverages of low alcoholic content containing more than one-half of one percent alcohol by volume but not more than six percent alcohol by volume, and the sale of beverages of high alcoholic content containing more than six percent alcohol by volume, whether for sale for consumption on the premises or by package is prohibited in Ward Ten outside the incorporated limits in Rapides Parish, Louisiana.
Section 6. The sale of beverages of low alcoholic content containing more than one-half of one percent alcohol by volume but not more than six percent alcohol by volume, and the sale of beverages of high alcoholic content containing more than six percent alcohol by volume, whether for sale for consumption on the premises or by package is prohibited in Ward Eleven."
Suit was filed by the plaintiffs to enjoin the passage of an ordinance in compliance with the election results. That suit # 8853, consolidated herein, was dismissed after hearing on the preliminary injunction.
On January 4, 1982, this suit was filed with almost the same allegations as the first suit, but seeking to enjoin the enforcement of the ordinance adopted by the Rapides Parish Police Jury (Ordinance X). Both suits contest the constitutionality of the local option election laws,[3] but this suit also contests the validity of the Police Jury ordinance.
Plaintiffs contend that Ordinance X is ultra vires inasmuch as the State has not delegated the power to regulate alcoholic beverages containing 3.2 percent alcohol by weight or less to its political subdivisions. We disagree.
As noted by the trial judge, the right of local governments to control the sale of 3.2 beer has had a long and interesting history in both the legislative and judicial branches of government. Since 1948 by Act No. 372 of the 1948 Regular Session of the Louisiana Legislature,[4] the State has attempted to reserve unto itself the right, at least in part, to regulate the sale, manufacture, production, etc., of 3.2 beer. Since that time Courts of this State have universally held that Section 588[5] prohibited local governing bodies from regulating beverages containing 3.2 percent alcohol by weight or less. *958 State v. Sissons, 292 So.2d 523 (La.1974); Harper v. State, Department of Revenue, 328 So.2d 669 (La.1976); Helverson v. Rapides Parish Police Jury, 391 So.2d 516 (La. App. 3rd Cir.1980), writ denied 396 So.2d 1325 (La.1981).
By Act No. 663 of the 1980 Regular Session of the Louisiana Legislature, the Legislature repealed Section 588 in its entirety, and thereby, in our opinion, obviously intended to open the door to local political subdivisions to regulate and/or prohibit beverages containing under 3.2 percent alcohol. In short, by repealing Section 588 the Legislature chose to delegate its right to regulate or control said beverages to the local governing bodies. Consequently, plaintiffs claim that Ordinance X is ultra vires because it purports to regulate beverages containing 3.2 percent alcohol and less is without merit.
Plaintiffs next contend that Ordinance X is not consonant with the proposition submitted to the electorate. More particularly, plaintiffs claim that Proposition 1, supra, which was the only proposition to pass in Ward 9 outside the City of Pineville, varies from Section 4 of Ordinance X, supra. We disagree.
It is evident even from a casual reading of Proposition 1 and Ordinance X, Section 4, that they purport to restrict the same activity in Ward 9 outside the City of Pineville. They both prohibit the sale of any alcoholic beverages other than beverages containing more than 3.2 percent alcohol by weight but not more than 6 percent alcohol by volume. Ergo plaintiffs' contention is without merit.
For the above and foregoing reasons the judgment of the district court is affirmed at appellants' costs.
AFFIRMED.
NOTES
[1] The two cases were not consolidated on the trial level. The appeal of No. 8853 was pending when the present suit was tried.
[2] The trial judge refused to grant the injunction sustaining defendants' exception of no right of action.
[3] We address the constitutional issues raised in both suits in the consolidated case herein (our # 8853).
[4] Section 2 of Act 2 of the Extraordinary Session of 1950 repealed Act 372 of 1948, and local option laws were enacted as La.R.S. 26:581-596.
[5] Ibid.