DOMENGEAUX, Judge.
This case was consolidated on appeal with that of Rapides Merchants Association, et al. v. Rapides Parish Police Jury, et al., 421 So.2d 955 (La.App. 3rd Cir.1982) (our number 82-210). Inasmuch as the relevant facts are common to both lawsuits, we adopt by reference those facts prescribed by us in the consolidated case.
This suit was instituted by plaintiffs in an attempt to enjoin the Rapides Parish Police Jury from enacting Ordinance X. The trial court held for defendant dismissing plaintiff’s suit. We affirm.
We ascertain the issues on appeal to be:[1]
1. Whether or not the trial court erred in finding that plaintiff’s petition failed to allege facts sufficient to establish a cause of action under La.R.S. 18:1401, et seq.; and
2. Whether or not the delegation of authority by the state legislature to local political subdivisions to hold local option elections is constitutional?
The trial court held that plaintiff’s petition failed to state a cause of action challenging the election results inasmuch as they failed to allege that “except for irregularities or fraud in the conduct of the election the result would have been different.” [2]
La.R.S. 18:1401(C) provides:
“A person in interest may bring an action contesting any election in which any proposition is submitted to the voters if he alleges that except for irregularities or fraud in the conduct of an election the result would have been different.”
There can be no question but that La.R.S. 18:1401(C) supra requires that in order to state a cause of action challenging election results it is incumbent upon petitioners to allege that but for any irregularities or fraud in the elections the result would have been different. Plaintiffs, in their petition challenging the propriety of the local option election held in Wards 9,10, and 11 of Rapides Parish, fail to make any such allegation. Accordingly, we find that the trial judge correctly dismissed their suit on these grounds.
*955 Additionally, plaintiffs contend that the legislative attempt to delegate its authority to regulate the sale, production, consumption, etc., of alcoholic beverages is an unconstitutional exercise of its power. Our courts have held time and time again that the Legislature possesses the authority to delegate to local governing bodies the right to enforce the will of the electorate as expressed through the outcome of local option elections. See State v. Sissons, 292 So.2d 523 (La.1974); Nomey v. State, 315 So.2d 709 (La.1975); Wyatt v. Vernon Parish Police Jury, 341 So.2d 468 (La.App. 3rd Cir.1977), writ refused 342 So.2d 677 (La.1977); and McGee v. Police Jury of Caddo Parish, 73 So.2d 424 (La.1954). We have reviewed plaintiffs’ constitutional attack, and find it to be without merit. Therefore, we affirm the judgment of the court below upholding the constitutionality of the local option statutes La.R.S. 26:581, et seq.
For the above and foregoing reasons the judgment of the trial court is affirmed at appellants’ costs.
AFFIRMED.

. Initially, plaintiffs failed to file a brief within 60 days in accordance with a then existing internal rule of this Court, and their appeal was dismissed by us. Subsequently, the Louisiana Supreme Court held that our 60 day rule was invalid, and reinstated the plaintiffs’ appeal. Although this appeal is now before us as being consolidated with Rapides Merchants Association, et al v. Rapides Parish Police Jury, et al, (our # 82-210), plaintiffs still have not filed any brief in this case with us, therefore, we assume as issues those prescribed to the court below.

. Although defendant did not file an exception of no cause of action, La.C.C.P. Art. 927 allows the court to recognize the exception on its own motion.