Dear Mr. Wagner:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for research and reply.
You relate the factual context from which your questions arise, which we restate herein. The Rapides Parish Policy Jury enacted Section 4-108 pursuant to an ordinance passed December 15, 1981. In its entirety, Section 4-108 provides:
 "The sale of beverages of low alcoholic content containing more than one-half (1/2) of one (1) per cent alcohol by volume but not more than three and two-tenths (3.2) per cent alcohol by weight and the sale of beverages of high alcoholic content containing more than six (6) per cent alcohol by volume, whether for sale for consumption on the premises or by package, is prohibited in Ward 9 outside the corporate limits of Pineville, Rapides Parish, Louisiana."
You do not question the validity of the ordinance at the time of its enactment pursuant to the provisions of then in effect local option statutes, LSA-R.S. 26:581, et. seq. In fact, the question of the validity of this ordinance was addressed shortly after the time of its passage in the case of Rapides Merchants Ass'n v. Rapides Parish, 421 So.2d 955
(La.App. 3rd Cir. 1982), writ den.; 426 So.2d 174 (La. 1983). In that case, the court examined Section 4-108, found it valid in light of existing law, and concluded:
 "By Act No. 663 of the 1980 Regular Session of the Louisiana Legislature, the Legislature repealed Section 588 in its entirety, and thereby, in our opinion, obviously intended to open the door to local political subdivisions to regulate and/or prohibit beverages containing under 3.2 percent alcohol. In short, by repealing Section 588 the Legislature chose to delegate its right to regulate or control said beverages to the local governing bodies. Consequently, plaintiffs (sic) claim that Ordinance X is ultra vires because it purports to regulate beverages containing 3.2 percent alcohol and less is without merit."
Now you question the legal validity of Section 4-108 in light of current law and ask the following questions:
 (1) Can a state statute retroactively modify a previously held election under local option law?
 (2) Does LSA-R.S. 26:281I retroactively modify the previous election held in Ward 9 so as to allow the sale of low alcoholic content up to 6% alcohol by volume?
 (3) Does LSA-R.S. 26:281I require that a new election be held in Ward 9 in order to again restrict the sale of low alcoholic content to 3.2% alcohol by weight?
Before we specifically respond to your questions, it is appropriate to note the Supreme Court case of State v. Sissons,292 So.2d 523 (La. 1974), in which the Court addressed the validity of an ordinance adopted pursuant to a local option election. The Court set forth the following test:
 "The power to regulate traffic in alcoholic beverages is vested in the State and the legislature may delegate such power to political subdivisions of the State. (citations omitted). However, by so delegating the State does not surrender its power and the legislature can at any time alter or recall the delegated power. (citations omitted). Generally, a police regulation of a subdivision of the State enacted pursuant to authority delegated by the State cannot exceed the grant of authority and must fall when it conflicts with State law." Sissons, supra, at pages 525 and 526.
It does not necessarily follow that an amendment to the local option statutes, LSA-R.S. 26:581, et. seq., repeals all local option ordinances. Rather, the Supreme Court in Sissons, supra, examined the ordinance in question in comparison with the current provisions of LSA-R.S. 26:581, et. seq., to determine whether there was a conflict and whether or not the ordinance was, therefore, invalid. See City of Natchitoches v. The Keg of Northwestern, Inc., 349 So.2d 466 (La.App. 3rd Cir. 1977), writ den.; 351 So.2d 176 (La. 1977).
In response to your first question, under the test set forth in Sissons, supra, it is appropriate to test the ordinance against the current legislative delegation of power. The ordinance must fall where it exceeds the grant of authority delegated to the political subdivision by the state. As Section 4-108 regulates beverages which may be regulated under LSA-R.S.26:588 and the penalties for violation are not excessive under LSA-R.S. 26:595, it is the opinion of this office that Section 4-108 is valid in light of state law.
A response to your second and third questions requires review of LSA-R.S. 26:281I, enacted by Act 582 § 2 of the 1989 Regular Legislative Session. LSA-R.S. 26:281I provides:
 "Notwithstanding the provisions of this section or any other law to the contrary, the sale of 6% alcohol by volume shall be allowed in any political subdivision which has approved the sale of 3.2% alcohol by weight until such time as prohibited by a referendum vote of the qualified electors within that political subdivision." (Emphasis added).
We are of the opinion that the provisions of LSA-R.S.26:281I will not affect or modify the previous election in Ward 9, nor will a new election be required to again restrict the sale of 3.2% alcohol by weight. LSA-R.S. 26:281I is inapplicable to your circumstances because your political subdivision has already disapproved of the sale of 3.2% alcohol by weight. As per Rapides, supra, the following three propositions failed after submissions to the electorate:
"PROPOSITION NO. 2"
 Shall the sale of beverages containing more than one-half of one percent alcohol by volume, but not more than three and two-tenths percent alcohol by weight be permitted in Ward 9, Rapides Parish, Louisiana?
"PROPOSITION NO. 3"
 Shall the sale of beverages of high alcoholic content containing more than six percent alcohol by volume for consumption on the premises be permitted in Ward 9, Rapides Parish, Louisiana?
"PROPOSITION NO. 4"
 Shall the sale of beverages of high alcoholic content containing more than six percent alcohol by volume be permitted by package only and not for consumption on the premises in Ward 9, Rapides Parish, Louisiana?
The prohibitory language adopted by the Rapides Parish Police Jury in Section 4-108 reflects the failure of these propositions at election. As a result, because the sale of 3.2% alcohol by weight has already been disapproved, the provisions of LSA-R.S. 26:281I are inapplicable.
The sale of six percent alcohol by volume is still legal in Ward 9. Your ordinance only prohibits the sale of 3.2% alcohol by weight (3.2 beer) and the sale of beverages of high alcohol content containing more than six (6) per cent alcohol by volume. Your ordinance does not prohibit the sale of beverages of low alcoholic content containing more than three and two-tenths percent alcohol by weight and not more than six percent alcohol by volume. In fact, Proposition No. 1 containing this language was approved in Ward 9. See Rapides, supra, at pages 956 and 957.
We hope this interpretation of the law will be helpful to you. Should you have further inquiries, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0185E